Judiciary Internet



*My Case View*
JUDICIARY INFORMATION MANAGEMENT SYSTEM

You are logged in as   .   Home   Logout

## Active and Inactive Cases

○ My Cases   ○ My Documents   ○ All Firm Cases   ○ All Firm Documents

**Search Criteria:  Case ID: 3CCV-21-0000068**     ⊞ Search Again

*Search Criteria:*

| | | | |
|---|---|---|---|
| Case ID | 3CCV-21-0000068 | | |
| Filing Date (Start) | | Case Type | ▼ |
| Filing Date (End) | | Case Status | ▼ |

[ Search ]   [ Reset ]

Please select a case.

| Case ID | Court | Location | Type | Status | Description | Initiation Date |
|---|---|---|---|---|---|---|
| 3CCV-21-0000068 | THIRD CIRCUIT | KONA DIVISION | CV | ACTIVE | HIATT v. TESLA, INC. | 12-MAR-2021 |

**1 cases found, displaying 1 case(s), from 1 to 1. Page 1 / 1**

## Case Summary for 3CCV-21-0000068

JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation

## Parties for 3CCV-21-0000068

| # | PartyID | Role | Name | Start Date | End Date | Associated Party | Juv |
|---|---|---|---|---|---|---|---|
| 1 | @4394569 | Plaintiff | JERRY M. HIATT | 12-MAR-2021 | | | ☐ |
| 2 | @4645727 | Defendant | TESLA, INC. | 12-MAR-2021 | | | ☐ |
| 3 | A3085 | Attorney | James J. Bickerton | 12-MAR-2021 | | 1 | ☐ |
| 4 | A8705 | Attorney | Bridget G. Morgan-Bickerton | 12-MAR-2021 | | 1 | ☐ |
| 5 | A10682 | Attorney | Jeremy O'Steen | 12-MAR-2021 | | 1 | ☐ |
| 6 | A1304 | Attorney | Kenneth K. Fukunaga | 15-APR-2021 | | 2 | ☐ |
| 7 | A6927 | Attorney | Sheree A. Kon-Herrera | 15-APR-2021 | | 2 | ☐ |
| 8 | A10188 | Attorney | Gurudev D. Allin | 16-APR-2021 | | 2 | ☐ |

[ Add ]

## Events for 3CCV-21-0000068

No events found for case.

## Dockets for 3CCV-21-0000068

| Dkt. # | Dkt. Code | Description | Document Name | Docket For | Filing Date | Filing Time | Filing Party | Sealed | C |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CMPS | Complaint and Summons EFile Document upload of type Complaint and Summons | COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS | JERRY M. HIATT | 12-MAR-2021 | 14:40:50 | Bickerton, James (A3085) | N | |
| 2 | CIS | Civil Information Sheet EFile Document upload of type Civil Information Sheet | CIVIL INFORMATION SHEET | JERRY M. HIATT | 12-MAR-2021 | 14:40:50 | Bickerton, James (A3085) | N | |
| 3 | NEF | Notice of Electronic Filing | | JERRY M. HIATT | 12-MAR-2021 | 14:40:50 | | N | |
| 4 | PYD | Payment Due To Court | | James J. Bickerton | 12-MAR-2021 | 14:40:50 | | N | |
| 5 | NEF | Notice of Electronic Filing | | James J. Bickerton | 12-MAR-2021 | 14:40:50 | | N | |
| 6 | PY | Payment Payment by Check/Money Order-Civil in the amount of $315.00 by ATY - Bickerton, James J. (A3085) | | James J. Bickerton | 19-MAR-2021 | 09:33:41 | | | |

# EXHIBIT A

| Dkt. # | Dkt. Code | Description | Document Name | Docket For | Filing Date | Filing Time | Filing Party | Sealed | C |
|---|---|---|---|---|---|---|---|---|---|
| 7 | CAMD | Complaint Amended EFile Document upload of type Complaint Amended | FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS | JERRY M. HIATT | 19-MAR-2021 | 15:02:05 | Bickerton, James (A3085) | N | |
| 8 | ACIS | Additional Claims Info Sheet EFile Document upload of type Additional Claims Info Sheet | ADDITIONAL CLAIMS FORM | JERRY M. HIATT | 19-MAR-2021 | 15:02:05 | Bickerton, James (A3085) | N | |
| 9 | NEF | Notice of Electronic Filing | | JERRY M. HIATT | 19-MAR-2021 | 15:02:05 | | N | |
| 10 | RAS | Service-Return/Acknowledgement EFile Document upload of type Service-Return/Acknowledgement | Return and Acknowledgment of Service - First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons - TESLA ONC., a Delaware Corporation. | JERRY M. HIATT | 29-MAR-2021 | 10:52:51 | Bickerton, James (A3085) | N | |
| 11 | NEF | Notice of Electronic Filing | | JERRY M. HIATT | 29-MAR-2021 | 10:52:51 | | N | |
| 12 | RAS | Service-Return/Acknowledgement EFile Document upload of type Service-Return/Acknowledgement | Return and Acknowledgment of Service - First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons - TESLA INC., a Delaware Corporation | JERRY M. HIATT | 30-MAR-2021 | 16:53:33 | Bickerton, James (A3085) | N | |
| 13 | NEF | Notice of Electronic Filing | | JERRY M. HIATT | 30-MAR-2021 | 16:53:33 | | N | |
| 14 | NAP | Notice of Adding Parties | | All Case Parties | 15-APR-2021 | 15:26:57 | | N | |
| 15 | ANCMP | ANSWER TO COMPLAINT EFile Document upload of type ANSWER TO COMPLAINT | Defendant Tesla, Inc.'s Answer to First Amended Complaint for Declaratory Relief; Certificate of Service | TESLA, INC. | 15-APR-2021 | 15:31:02 | Fukunaga, Kenneth (A1304) | N | |
| 16 | NEF | Notice of Electronic Filing | | TESLA, INC. | 15-APR-2021 | 15:31:02 | | N | |
| 17 | NAP | Notice of Adding Parties | | All Case Parties | 16-APR-2021 | 08:58:06 | | N | |

## Documents for 3CCV-21-0000068

| | Dkt. # | Category | Dkt. Code | Description | Document Name | Docket For | Date Filed | Sealed | In Camera |
|---|---|---|---|---|---|---|---|---|---|
| 📄 | 1 | Complaint | CMPS | Complaint and Summons EFile Document upload of type Complaint and Summons | COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS | JERRY M. HIATT | 12-MAR-2021 | ☐ | ☐ |
| 📄 | 2 | Supporting Documents | CIS | Civil Information Sheet EFile Document upload of type Civil Information Sheet | CIVIL INFORMATION SHEET | JERRY M. HIATT | 12-MAR-2021 | ☐ | ☐ |
| 📄 | 3 | Other Documents | NEF | Other | | JERRY M. HIATT | 12-MAR-2021 | ☐ | ☐ |
| 📄 | 4 | Other Documents | PYD | Payment Due To Court | | James J. Bickerton | 12-MAR-2021 | ☐ | ☐ |
| 📄 | 5 | Other Documents | NEF | Other | | James J. Bickerton | 12-MAR-2021 | ☐ | ☐ |
| 📄 | 6 | Fiscal Status | PY | Payment Payment by Check/Money Order-Civil in the amount of $315.00 by ATY - Bickerton, James J. (A3085) | | James J. Bickerton | 19-MAR-2021 | ☐ | ☐ |
| 📄 | 7 | Complaint | CAMD | Complaint Amended EFile Document upload of type Complaint Amended | FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS | JERRY M. HIATT | 19-MAR-2021 | ☐ | ☐ |
| 📄 | 8 | Supporting Documents | ACIS | Additional Claims Info Sheet EFile Document upload of type Additional Claims Info Sheet | ADDITIONAL CLAIMS FORM | JERRY M. HIATT | 19-MAR-2021 | ☐ | ☐ |
| 📄 | 9 | Other Documents | NEF | Other | | JERRY M. HIATT | 19-MAR-2021 | ☐ | ☐ |

| | Dkt. # | Category | Dkt. Code | Description | Document Name | Docket For | Date Filed | Sealed | In Camera |
|---|---|---|---|---|---|---|---|---|---|
| 📄 | 10 | Service | RAS | Service-Return/Acknowledgement EFile Document upload of type Service-Return/Acknowledgement | Return and Acknowledgment of Service - First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons - TESLA ONC., a Delaware Corporation. | JERRY M. HIATT | 29-MAR-2021 | ☐ | ☐ |
| 📄 | 11 | Other Documents | NEF | Other | | JERRY M. HIATT | 29-MAR-2021 | ☐ | ☐ |
| 📄 | 12 | Service | RAS | Service-Return/Acknowledgement EFile Document upload of type Service-Return/Acknowledgement | Return and Acknowledgment of Service - First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons - TESLA INC., a Delaware Corporation | JERRY M. HIATT | 30-MAR-2021 | ☐ | ☐ |
| 📄 | 13 | Other Documents | NEF | Other | | JERRY M. HIATT | 30-MAR-2021 | ☐ | ☐ |
| 📄 | 14 | Notice | NAP | Notice of Adding Parties | | All Case Parties | 15-APR-2021 | ☐ | ☐ |
| 📄 | 15 | Response | ANCMP | ANSWER TO COMPLAINT EFile Document upload of type ANSWER TO COMPLAINT | Defendant Tesla, Inc.'s Answer to First Amended Complaint for Declaratory Relief; Certificate of Service | TESLA, INC. | 15-APR-2021 | ☐ | ☐ |
| 📄 | 16 | Other Documents | NEF | Other | | TESLA, INC. | 15-APR-2021 | ☐ | ☐ |
| 📄 | 17 | Notice | NAP | Notice of Adding Parties | | All Case Parties | 16-APR-2021 | ☐ | ☐ |

**Add**

**BICKERTON LAW GROUP**
**A Limited Liability Law Partnership**
JAMES J. BICKERTON                3085-0
BRIDGET G. MORGAN-BICKERTON       8705-0
JEREMY K. O'STEEN                 10682-0
745 Fort Street, Suite 801
Honolulu, Hawai'i 96813
Telephone:  (808) 599-3811
Facsimile: (808) 694-3090
Email: bickerton@bsds.com; morgan@bsds.com; osteen@bsds.com

**Electronically Filed**
**THIRD CIRCUIT**
**3CCV-21-0000068**
**12-MAR-2021**
**02:40 PM**
**Dkt. 1 CMPS**

Attorneys for Plaintiff
JERRY M. HIATT

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| JERRY M. HIATT,<br><br>        Plaintiff,<br><br>vs.<br><br>TESLA INC., a Delaware Corporation,<br><br>        Defendant. | CIVIL NO. _____<br>(Other Civil Action)<br><br>**COMPLAINT FOR DECLARATORY**<br>**RELIEF; EXHIBIT "A"; SUMMONS** |

## COMPLAINT FOR DECLARATORY RELIEF

Comes now Plaintiff JERRY M. HIATT ("Plaintiff" or "Hiatt") through his undersigned

attorney, for complaint against TESLA, INC. ("Tesla" or "Defendant"), and alleges and avers as

follows:

1.      Plaintiff Hiatt is, and at all times relevant hereto was, a resident and citizen of the

State of Hawaii residing in the County of Hawaii.

1

2.     Defendant Tesla is, and at all times relevant hereto was, a Delaware corporation duly licensed to do business in the State of Hawaii, with a Honolulu business address at 746 Auahi Street, Honolulu Hawaii 96813 ("Honolulu Office").

3.     Plaintiff Hiatt seeks to assert statutory and common law claims against Tesla arising out of the condition of Plaintiff's Tesla 2019 Model 3 vehicle ("Vehicle") which was delivered to him in Kailua-Kona. Plaintiff anticipates that Tesla may seek to preclude Plaintiff from asserting such claims in a court of competent jurisdiction by asserting that the claims are subject to an arbitration requirement.

4.     Plaintiff disputes the arbitrability of all or part of his claims against Tesla and brings this action to have the Court declare whether any claimed arbitration provision that Tesla may rely on is valid or otherwise enforceable under Hawaii law as to any of the claims at issue.

5.     Because Plaintiff disputes the existence of and applicability of any arbitration agreement to his claims against Tesla, including its limitations on the right to proceed by class or group action, Plaintiff asks that the Court determine both the validity and enforceability of any claimed agreement to arbitrate and the scope and extent of the matters subject to arbitration. In asking for this determination, Hiatt does not waive any other right he may have, which rights are expressly reserved.

6.     The nature of the underlying dispute between Hiatt and Tesla is set out in Exhibit "A" hereto, which is draft demand for arbitration that Hiatt intends to submit without waiving his right to have this Court determine the issues and controversies raised herein.

7.     In particular, Tesla may rely on or seek enforcement of language in its form purchase agreement, which Plaintiff does not have a record of signing when he acquired his vehicle from Tesla, and which that states that:

2

If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

* * *

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

8.      The foregoing provision is hereinafter referred to as "the Tesla arbitration provision" or "TAP". As used herein, TAP also includes the following provisions insofar as they purport to bind any arbitrator with respect to applicable law or remedies:

Limitation of Liability. We are not liable for any incidental, special or consequential damages arising out of this Agreement. Your sole and exclusive remedy under this Agreement will be limited to reimbursement of your Order Payment.

* * *

Governing Law; Integration; Assignment. The terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration. Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

3

9.    The TAP was not agreed to, or accepted by, Plaintiff Hiatt.

10.   Furthermore, to the extent the arbitration agreement exists, Plaintiff Hiatt has opted out of arbitration by sending a letter to Tesla advising it of that fact and by contesting the validity of the arbitration clause since the inception of this dispute.

11.   There is no valid agreement to arbitrate between the parties because, *inter alia*, the  TAP is invalid, unconscionable and unenforceable under Hawaii law and in particular under the standards announced in *Narayan v. Ritz-Carlton Dev. Co.*, 140 Hawai'i 343, 346, 400 P.3d 544, 547 (2017), because, separately and/or in combination:

    a.   The TAP is unconscionable under Hawaii common law contract principles and thus is not an enforceable agreement under either Haw. Rev. Stat. ("HRS") § 658A or 9 U.S.C. § 2,

    b.   The TAP is an adhesive contract,

    c.   The TAP is ambiguous (including, but not limited to,  when read with the other controlling documents such as the warranty; the right to pursue certain claims in small claims court; and the right to reject the arbitration provision),

    d.   The TAP prevents an arbitrator from awarding special, consequential, punitive damages or treble damages which are permitted under HRS 480-2 *et. seq.*,

    e.   The TAP appears to limit recovery to the cost of the vehicle,

    f.   The TAP purports to allows opt-outs but arbitrarily limits same to within 30 days of "signing" the agreement.  Moreover, the date of "signing" is not readily capable of being ascertained.

    g.   The TAP prohibits joining with other claimants or bringing class action claims,

      h.  The TAP does not appear to permit the recovery of attorneys' fees otherwise permitted or required by law, and/or

      i.  The TAP is unfair within the meaning of HRS § 480-2 and hence is void under HRS § 480-12.

12.    The TAP's unconscionability is so pervasive that its unconscionable provisions cannot be severed and the rest of the arbitration clause enforced.

13.    The TAP was procured by fraud and/or misrepresentation, including, but not limited to because Tesla failed to disclose serious defects in the Vehicle known to it at the time of sale and hence, for that separate and independent reason, is invalid and unenforceable. The defects included, but were not limited, to a faulty glass roof panel (the "Roof Panel Defect" or "RPD") which first cracked during normal use shortly after purchase of the Vehicle, then was purportedly repaired by Tesla, and then partially detached during normal use following the alleged repair as well as a faulty underbody panel (the "Under Panel Defect" or "UPD") which also partially detached in normal use shortly after purchase of the Vehicle.

14.    Whether or not the TAP is otherwise invalid and unenforceable for the foregoing reasons, Plaintiff contends the TAP does not include "class or representative claims or requests for relief on behalf of others" (hereinafter "Class Claims") within the scope of matters that are arbitrable, because it expressly does not apply to Class Claims and excludes them from the scope of arbitrable disputes. At the very minimum, the TAP is ambiguous as to whether it merely precludes Class Claims from arbitration, or whether it purports to function beyond the scope of an arbitration clause as it is titled, and actually purports to limit Plaintiff's rights to make Class Claims in any forum, and any such ambiguity should be construed against Defendant Tesla and

in favor of Plaintiff Hiatt to permit Hiatt to bring Class Claims (more fully described in Exhibit "A" hereto) in court.

15.     If the Court determines that the agreement to arbitrate cannot be enforced as to Class Claims, and that Class Claims are therefore not arbitrable, then pursuant to the TAP, Plaintiff Hiatt asks the Court to rule that such claims "must" be pursued in court.

16.     Plaintiff alleges that the value of the right of Plaintiff to proceed by way of court proceeding rather than arbitration, or the right to proceed as a class representative rather than solely as an individual claimant or plaintiff, is above any jurisdictional minimum of this Court, but below any jurisdictional limit for federal court. That right, which relates solely to the forum and the type of claims that may be asserted, is not directly correlative with the value of the claims themselves.

WHEREFORE, Plaintiff Hiatt prays that an award be entered in favor of Hiatt and against Tesla as follows:

A.     A ruling as more specifically described in Paragraphs 9-14 above that the claimed Tesla arbitration provision is unenforceable for one or more the reasons stated and a judgment for declaratory and injunctive relief enforcing that ruling;

B.     For such other and further relief as the Court may deem just and proper.

Dated: Honolulu, Hawaii, March 12, 2021.

/s/ James J. Bickerton
JAMES J. BICKERTON
BRIDGET G. MORGAN-BICKERTON
JEREMY K. O'STEEN

Attorneys for Plaintiff JERRY M. HIATT

6

JERRY M. HIATT,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

            Claimant,

vs.

TESLA INC, a Delaware Corporation;

            Respondent.

AAA Arbitration No.

CLAIMANT JERRY M. HIATT'S
STATEMENT OF CLAIM; EXHIBITS 1-5

## CLAIMANT JERRY M. HIATT'S STATEMENT OF CLAIM

Comes now Claimant JERRY M. HIATT ("Claimant" or "Hiatt") through his undersigned attorney, individually and on behalf of all others similarly situated for his claim against TESLA, INC. ("Tesla" or "Respondent"), and alleges and avers as follows:

## ARBITRABILITY

1.    Claimant Hiatt disputes the arbitrability of part or all of his claims against Tesla and reserves the right to seek to bring his claims in a court of competent jurisdiction and to have them heard by a jury to the extent the law permits. Thus, this demand for arbitration is only for those claims that are required by law, including applicable contract law, to be arbitrated and Claimant does not wish to, or intend to, arbitrate any dispute described herein which he is not required to submit to arbitration.

2.    Because Claimant disputes the applicability of any arbitration agreement to this dispute and, as a threshold matter, he asks that the arbitrator determine both the validity and enforceability of any claimed agreement to arbitrate and the scope and extent of the matters subject to arbitration. In asking for this determination, Hiatt does not waive any right he may have to have a court make this determination.

3.    In particular, Tesla may rely on or seek enforcement of language in its form purchase agreement, which Claimant does not have a record of signing when he acquired his vehicle from Tesla, that states that:

> If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by

1

## EXHIBIT "A"

the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

\* \* \*

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles.  In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

4.      The foregoing provision is hereinafter referred to as "the Tesla arbitration provision" or "TAP".  As used herein, TAP also includes the following provisions insofar as they purport to bind any arbitrator with respect to applicable law or remedies:

Limitation of Liability. We are not liable for any incidental, special or consequential damages arising out of this Agreement. Your sole and exclusive remedy under this Agreement will be limited to reimbursement of your Order Payment.

\* \* \*

Governing Law; Integration; Assignment. The terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration.  Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont,
CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt
out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a
lease or finance contract.

5.      The TAP was not agreed to, or accepted by, Claimant Hiatt.

**EXHIBIT "A"**

6.      Furthermore, Claimant Hiatt has opted out of arbitration by sending a letter to Tesla advising it of that fact.

7.      The TAP is invalid, unconscionable and unenforceable under Hawaii law and in particular under the standards announced in *Narayan v. Ritz-Carlton Dev. Co.*, 140 Hawai'i 343, 346, 400 P.3d 544, 547 (2017), because, separately and/or in combination:

       a.  The TAP is unconscionable under Hawaii common law contract principles and thus is not an enforceable agreement under either Haw. Rev. Stat (HRS) § 658A or 9 U.S.C. § 2,

       b.  The TAP is an adhesive contract,

       c.  The TAP is ambiguous (including, but not limited to,  when read with the other controlling documents such as the warranty; the right to pursue certain claims in small claims court; and the right to reject the arbitration provision),

       d.  The TAP prevents an arbitrator from awarding special, consequential, punitive damages or treble damages which are permitted under HRS 480-2 *et. seq.*,

       e.  The TAP appears to limit recovery to the cost of the vehicle,

       f.  The TAP purports to allows opt-outs but arbitrarily limits same to within 30 days of "signing" the agreement.  Moreover, the date of "signing" is not readily capable of being ascertained.

       g.  The TAP prohibits joining with other claimants or bringing class action claims,

       h.  The TAP does not appear to permit the recovery of attorneys' fees otherwise permitted or required by law, and/or

       i.  The TAP is unfair within the meaning of HRS § 480-2 and hence is void under HRS § 480-12.

8.      The TAP's unconscionability is so pervasive that its unconscionable provisions cannot be severed and the rest of the arbitration clause enforced.

9.      The TAP was procured by fraud and/or misrepresentation for the reasons alleged in more detail below (to wit, the concealment of serious defects) and hence, for that separate and independent reason, is invalid and unenforceable.

10.     Whether or not the TAP is otherwise unenforceable for the foregoing reasons, Claimant contends the TAP does not include  "class or representative claims or requests for relief

3

**EXHIBIT "A"**

on behalf of others" (hereinafter "Class Claims") within the scope of matters that are arbitrable, because it expressly does not apply to Class Claims and excludes them from the scope of arbitrable disputes.  At the very minimum, the TAP is ambiguous as to whether it merely precludes Class Claims from arbitration, or whether it purports to function beyond the scope of an arbitration clause as it is titled, and actually purports to limit Claimant's rights to make Class Claims in any forum, and any such ambiguity should be construed against Respondent Tesla and in favor of Claimant Hiatt.

11.    If the arbitrator determines that the "agreement to arbitrate cannot be enforced as to" Class Claims, and that Class Claims are therefore not arbitrable, then pursuant to the TAP, Claimant Hiatt asks the arbitrator to rule that such claims "must" be pursued in court.

### PARTIES

12.    Claimant Hiatt is, and at all times relevant hereto was, a resident and citizen of the state of Hawaii residing in the County of Hawaii.

13.    Respondent Tesla is, and at all times relevant hereto was, a Delaware corporation duly licensed to do business in the State of Hawaii, with a Honolulu business address at 746 Auahi Street, Honolulu Hawaii 96813 ("Honolulu Office").

### CLASS ACTION ALLEGATIONS

#### A. Nationwide Class

14.    Claimant Hiatt brings this claim on behalf of himself and all others similarly situated who purchased in the United States (the "Nationwide Class") pursuant to Haw. R. Civ. P. Rule 23 (or Fed. R. Civ. P. Rule 23 if applicable, or any applicable AAA rules permitting class arbitration).  In addition Claimant brings this claim on behalf of himself and persons similarly situated in the State of Hawaii ("the Hawaii Class," discussed in more detail below.) The Nationwide Class and the Hawaii Class shall be collectively referred to herein as "the Class".  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23 and any related AAA rules.

15.    This action arises from the actions of Tesla and/or its agents from in or about July, 2017 through the present time("the Class Period") in the rushed manufacture and sale of inherently dangerous and defective Model 3 Tesla vehicles, at least some of which were sold with:

4
**EXHIBIT "A"**

a) Defective glass roof panels that were prone to cracking, and or other partial or complete detachment (the "Roof Glass Defects" or "RGD"); and/or

b) Defective underbody panels that were inadequately attached to the vehicle frame, which were prone to becoming partially or completely detached. (the "Under Body Panel Defects" or "UBPD").

16.    To date Tesla has manufactured and sold approximately 500,000 Model 3 vehicles. On information and belief these vehicles were all produced at Tesla plants in Fremont, California and Shanghai, China.

17.    On information and belief Tesla learned of both the RGD and the UBPD early in the course of its sales of the Model 3.

18.    Hiatt purchased a new Tesla Model 3, VIN No. 5YJ3E1EB4KF205758 "Vehicle" in cash and trade for the total sum of $52,600 on or about February 28, 2019.  Hiatt is therefore a member of the Class.  The vehicles purchased by other members of the Class, including Hiatt, are referred to as "Class Vehicles" herein.

19.    Hiatt was not provided with any notice, or warning, by Tesla concerning either the RGD or the UBPD at any time prior to his purchase.  Had he been so warned he would not have purchased the Vehicle.  Similarly, other members of the Class were not given such notice or warning and would not have purchased had they been given the same.

20.    Hiatt and the other members of the Class (collectively "Claimants") all purchased their Class Vehicles for personal, family or household purposes.  Claimants purchased their Class Vehicles relying upon Tesla's representations in its advertising, its website and/or in its dealerships that it is committed to selling safe and reliable vehicles.

21.    Tesla has failed to provide any notice, or warning, to any other purchaser of any Model 3, in any jurisdiction, concerning either the RGD or the UBPD at any time from the start of sales of the Model 3 to the present time.

22.    Tesla has also failed to provide any notice, or warning, to any domestic or foreign governmental agency as to either the RGD or the UBPD at any time from the start of sales of the Model 3 to the present time.

23.    Upon information and belief Tesla has also failed to conduct a safety recall as to either the RGD or the UBPD at any time from the start of sales of the Model 3 to the present time in any domestic or foreign jurisdiction where the Model 3 has been sold.

5

**EXHIBIT "A"**

24. The RGD and the UBPD are each defects in the design and/or manufacturing of the Model 3 that render the vehicles unreasonably dangerous.

25. Said defects are the proximate cause of injuries and damages to the members of the Class.

**B. Hawaii Class**

26. The Hawaii Class consists of all persons who purchased Model 3 Teslas in the State of Hawaii during the Class Period. Claimant Hiatt is a member of the Hawaii Class.

27. Model 3 Teslas contain electronic components that qualify as "computers" within the meaning of HRS §708-890. The on-board Tesla computer is owned by each Tesla owner and contains unique personal information about that owner and his or her activities, location and travels.

28. Respondent Tesla accesses that information without the authorization of the owner and uses it for financial gain, thereby committing a felony under HRS §708-895.5 which provides that "[a] person commits the offense of unauthorized computer access in the first degree if the person knowingly accesses a computer, computer system, or computer network without authorization and thereby obtains information, and…[t]he offense was committed for the purpose of commercial or private financial gain."

29. The action of Tesla in taking information from the owner's computer for its own business purposes in violation of Hawaii law is both unfair and deceptive within the meaning of HRS Chapter 480 (unfair and deceptive trade practices).

30. Tesla has profited off its aforesaid violations of Hawaii law throughout the class period, and Claimant Hiatt and the Hawaii Class are therefore entitled to restitution in amounts to be proven at trial.

31. In addition, Claimant Hiatt and the members of the Hawaii Class are entitled to damages for the tortious wrong of unlawfully accessing and using private information, including an award of punitive damages, because such invasion of right was done knowingly, willfully and/or with conscious disregard of rights of others.

**ALLEGATIONS SPECIFIC TO HIATT**

32. None of the parts in question were altered in any substantial way between the time Tesla sold the Vehicle to Hiatt and the present time.

**EXHIBIT "A"**

33.     Both the RGD and the UBPD became evident on Hiatt's Vehicle within 10 months of Hiatt's purchase of the Vehicle. Hiatt promptly reported both defects to Tesla through Manager, Teresa Mautino ("Mautino") in November, 2019.

34.     The RGD on the Hiatt Vehicle consisted of a large crack which suddenly appeared in the glass of the roof directly over the driver's seat. Mr. James Wilson ("Wilson") an authorized "roving" Tesla service technician came to the Big Island and examined this defect at Hiatt's home on November 26, 2019. At that time Wilson confirmed to Hiatt that the roof glass had cracked because the glass had been installed "out of alignment" at the factory. He also confirmed that he had previously seen similar problems on other Model 3 vehicles which he had previously serviced in Hawaii.

35.     The UBPD on the Hiatt Vehicle consisted of the sudden partial detachment of the underside panel on the car while Hiatt was driving the vehicle. As a result, the forward edge of the panel suddenly dug into the pavement creating a loud noise and a frightening and unexpected failure that could have easily caused a serious and/or fatal accident. Wilson also examined the panel and the rear of the Vehicle during his inspection on November 26, 2019. Pictures of the rear of the Vehicle taken that day showing the Panel hanging down and also showing it detached with abrasions from the accident (jpg 4399) are attached as Exhibits 1-4 hereto.

36.     Wilson confirmed to Hiatt that 3 bolts meant to fasten the Panel to the underside of the Vehicle were completely missing from the original factory installation and that he had seen similar problems on other Model 3 vehicles which he had serviced in Hawaii.

37.     Wilson also confirmed that driving the car in that condition risked detachment of the rear bumper and was a serious safety risk. During Wilson's visit he discussed with Hiatt that both the RGD and the UBPD issues were quality control problems which he believed occurred because Tesla was rushing to complete and deliver Model 3's in the relevant period to meet their production goals.

38.     An 11.26.19 email from Hiatt to Wilson accurately confirming many of the comments of Wilson made on that date states as follows:

Dear James,

Thanks very much for coming to my house today to attempt to repair my Tesla Model 3.

After examining the two problems I reported **you kindly explained that, as to the first problem, i.e. the rear under car plastic shield, that this shield had failed and fallen**

**EXHIBIT "A"**

**down due to the failure to install 3 bolts at the factory prior to delivery of the car. You said you had seen the same problem previously on other cars.** You indicated that if you left that shield off and replaced the rear bumper and if the car were driven then the rear bumper might come off. We therefore agreed that it was not safe to drive the car till it was fully repaired. You were not sure whether that repair would be done here or would require shipment of the car to Oahu.

**As to the second problem, i.e. the glass panel which was broken on the roof, you noted that the panel was out of alignment and concluded that the glass on the roof had failed because of stress cracks in normal use.**

**You indicated that you had also seen this problem on other Tesla vehicles.**

You also indicated that both of these issues were within my warranty.

I thank you for your candor and ask that you please arrange a rental car for me during the repair period and that you keep me posted on what will be done to repair these two defects and also what will be done to prevent further stress cracks in the ceiling panel when the current crack is repaired. **This is concerning as it appears to be a design flaw, which is likely to recur, unless there is a design fix.**

Thanks and aloha,

Jerry

(Emphasis supplied)

39.      After Hiatt reported these two defects to Tesla, he was advised by Ms. Mautino that the car would need to be picked up at his home and towed to Kawaihae for shipment to Honolulu, where it was to be repaired and then returned to Hiatt.  Hiatt expressed specific concerns in an email to Ms. Mautino on 12.2.19 in which he stated:

   "I would like a best guess on how long the service will likely take and some more info on the two defects discovered—**both of which have really shaken my confidence in the brand on basic safety and design issues.**
   Aloha,
   Jerry"

(Emphasis supplied).

40.      Hiatt had a follow-up call with Ms. Mautino at approximately 10 am on 12.3.19. In the call he explained to her that he was alarmed about the roof defect and that he had read on line reports that similar defects had occurred in several other Model 3's owned by others.  He also explained that he was afraid it would happen again and that the whole process of shipping the car from the Big Island of Hawaii to Honolulu for service was a major time commitment. He

8

**EXHIBIT "A"**

was assured by Ms. Mautino that the repair would be done thoroughly and properly and Hiatt therefore agreed to proceed with the repair.

41.     In reliance on these representations shipment of the car to Honolulu from the Big Island. This took another 15 days after this email to occur and took place on December 19, 2019. The car was returned and picked up by Hiatt on January 24, 2020.

42.     Tesla arranged to tow the car to the Kawaihae Harbor and for shipment by Young Brothers barge to the Tesla service center in Honolulu. They also provided a rental car through Enterprise. As a result, Hiatt was denied use of his vehicle for approximately 14 days in November, 2019, all of December, 2019 and most of January 2020, until he picked up the vehicle at the port of Kawaihae on Friday, January 24, 2020 after it had allegedly been serviced. As of January 24, 2019, this was a total period of 69 days, i.e. more than 20% of the time Hiatt had then owned the vehicle.

43.     Thinking it was safely repaired, Hiatt thereafter used the car to drive his wife and son to the Kona airport on January 25, 2020. However as soon as he reached highway speed on Palani Road from Waimea towards Kona Hiatt noticed the noise of wind whistling in the car. He checked and closed all the windows, but the noise persisted. He pulled over and checked and reclosed all the doors and then resumed the drive. The noise still persisted. He then discovered that there was a separation of the roof glass and a major air leak along the glass roof panels above and behind the front seat on both sides as confirmed by Exhibit 5 attached hereto. The separation created a significant risk that the entire roof panel would detach.

## COUNT I, STRICT PRODUCT LIABILITY

44.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

45.     Respondent Tesla is in the business of selling automobiles and/or their components for the ultimate use of businesses and consumers.

46.     The products sold by Tesla are expected to and do reach their end users without substantial change in their condition after they are sold.

47.     The Vehicle sold to Hiatt and all others similarly situated contained one or more design and/or manufacturing defects that rendered the Vehicles unreasonably dangerous.

48.     Said defect was the proximate cause of damage and injuries to Hiatt and the Class.

9

**EXHIBIT "A"**

49.     As a result of the dangerously defective condition of the Vehicles, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

50.     In selling, manufacturing and/or designing the Vehicles and their components, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of its civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT II, NEGLIGENCE

51.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52.     Tesla had a duty to act with reasonable care to ensure that the Vehicles were reasonably safe for their intended use.

53.     Tesla breached this duty in the respects set forth above.

54.     Such breaches were the proximate cause of the injuries to Hiatt and the Class.

55.     As a result of Tesla's breach of its duty to act with reasonable care, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

56.     In breaching their duty of care to Hiatt and the Class, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of their civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT III, BREACH OF EXPRESS WARRANTIES

57.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

58.     Tesla expressly warranted the Vehicle and its components to be free of design and manufacturing defects and to be reasonably safe to operate.

59.     Tesla's representations became part of the basis of the bargain made between Hiatt, the Class and Tesla to purchase the Vehicles.

60.     The Vehicles have either failed to perform in accordance with Tesla's representations, or are at risk of doing so.

61.     As a proximate result of such failure, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

**EXHIBIT "A"**

62.     As a result of Tesla's breach of its express warranties, Hiatt and the Class are also entitled to an award of attorneys' fees.

## COUNT IV, BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

64.     Tesla is a merchant of automobiles and their components, including the Vehicles at issue herein.

65.     The Vehicles were defective and/or unfit for the ordinary purpose for which they were sold and used.

66.     As a proximate result of such defective condition or lack of fitness, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

67.     In breaching the implied warranty of merchantability, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of their civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT V, BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

68.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

69.     Hiatt and the Class purchased the Vehicles for a particular purpose, i.e., to operate safely on public and/or private roadways.

70.     Tesla knew or should have known of Class members' particular purpose for the Vehicles.

71.     The Vehicles failed to meet Class members' particular purpose.

72.     As a proximate result of such failure, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

73.     In breaching the implied warranty of fitness for a particular purpose, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of their civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT VI, INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

11

**EXHIBIT "A"**

74.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

75.     Tesla, through its salespersons and local management, made representations to Hiatt, and/or failed to disclose information known to them and unknown to Hiatt with respect to whether the vehicle was safe at the time of sale and later, after the failures described above, that the repairs to Hiatt's vehicle would be made properly (together hereafter the "Misrepresentations").

76.     Tesla knew or should have known that such Misrepresentations were false.

77.     Tesla knew and/or contemplated, or should have known and/or contemplated that Hiatt would rely on the Misrepresentations.

78.     Hiatt did, in fact, reasonably rely on the Misrepresentations, to his detriment.

79.     As a proximate result of these Misrepresentations, Claimant Hiatt has suffered special, general, consequential and incidental damages in an amount to be shown at trial.

80.     In making the Misrepresentations referred to above, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of its civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT VII, VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301, et seq.)

81.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

82.     Hiatt and the members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

83.     Tesla is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

84.     The Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

85.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

86.     Tesla's new vehicle warranties and representations as to the quality of the Class Vehicles are written warranties within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(6)(A), (B).

**EXHIBIT "A"**

87.     The Class Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

88.     Tesla breached these warranties, as described in more detail above.

89.     The Class Vehicles are subject to the RGD and the UBPD which constitute equipment failures and put vehicle occupants' safety in jeopardy. The Class Vehicles share a common defect in that the roof glass and underbody panels are manufactured with defective materials and/or installed using poor workmanship. Contrary to Tesla's representations about its vehicles, the sunroof glass and underbody guards are defective in manufacture, materials and/or workmanship and are unsafe. The Class Vehicles share a common defect that causes or allows these components to spontaneously and/or otherwise unreasonably break under foreseeable circumstances in which non-defective components would not. The failures are occurring within the warranty terms and period.

90.     Tesla further breached its written warranties by not repairing and replacing the RGD and the UBPD, pursuant to the three year/36,000 mile new vehicle written warranty.

91.     Affording Tesla a further reasonable opportunity to cure its breach of written warranties is unnecessary and would be futile here. Tesla has long been on notice of the claims of Hiatt and Class members and has declined to provide a suitable remedy.

92.     At the time of sale or lease of each Class Vehicle, Tesla knew, or should have known, or was reckless in not knowing of the Misrepresentations concerning the Class Vehicles' RGD and the UBPD and the inability of these vehicles to perform as warranted, but Tesla nonetheless failed to rectify the situation and/or disclose the defects. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Hiatt or the Class resort to an informal dispute resolution procedure and/or afford Tesla a reasonable opportunity to cure its breach of warranties is excused and should therefore be deemed satisfied.

93.     Hiatt and the other Class members would suffer economic hardship if they returned their Class Vehicles but did not receive the return of all payments made by them. Because Tesla is refusing to acknowledge any revocation of acceptance and return immediately any payments made, Hiatt and the other Class members have not re-accepted their Class Vehicles by retaining them.

**EXHIBIT "A"**

94.    The amount in controversy of Class members' individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

## COUNT VIII – UNFAIR TRADE PRACTICES STATUTES WHERE APPLICABLE

95.    Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

96.    Each member of the Class is also entitled to recover under applicable statutes in their state of purchase that provide remedies to consumers for unfair or deceptive acts or practices ("UDAP") in trade or commerce ("UDAP statutes").

97.    The conduct of Tesla towards the Class described above, and the injuries of each Class member described above, entitle them to double, treble, or other damages as provided by the UDAP Statute applicable to their purchase.

98.    To the extent that UDAP Statutes permit such recovery, Hiatt here seeks such recovery on behalf of himself and each Class member

## COUNT IX – HAWAII UDAP STATUTE CLAIM (FOR HAWAII CLASS ONLY)

99.    Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein

100.    This Count overlaps with Count VIII for members of the Hawaii class.

101.    Hiatt and other members of the Hawaii Class are and at all times were "consumers" within the meaning of HRS Section 480-1, entitled to bring claims for UDAP under HRS Sections 480-2 and 480-13.

102.    The conduct of Tesla described herein, including but not limited to its unlawful access of computers, constitutes a UDAP under HRS Chapter 480.

103.    Hiatt and other members of the Hawaii Class have been injured by the UDAPs described herein and are entitled to an award of treble damages under HRS Section 480-13.

## COUNT X – HAWAII LEMON LAW (FOR HAWAII CLASS ONLY)

104.    Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

105.    The defects described herein constitute a "nonconformity" within the meaning of HRS Chapter 481I. Hiatt and (and other qualifying members of the Hawaii Class) have satisfied

## EXHIBIT "A"

all requirements to make a claim for damages under against Tesla under HRS Chapter 481I ("the Hawaii Lemon Law").

106.   Hiatt (and all other qualifying members of the Hawaii Class) are entitled to damages against Tesla under the Hawaii Lemon Law.

WHEREFORE, Claimant Hiatt prays that an award be entered in favor of Hiatt and the Class and against Tesla as follows:

A.   A Ruling as more specifically described in Paragraphs 2-10 above that the claimed Tesla arbitration provision is unenforceable for one or more the reasons stated and declaratory and injunctive relief enforcing that ruling;

B.   For general, special and consequential and incidental damages in an amount to be proven at trial as to Hiatt and each of the other Class members, including any applicable double or treble damages under applicable consumer protection statutes;

C.   For restitution to Claimant Hiatt and the Class of all benefits and profits gained or realized by Tesla as a result of the wrongful acts complained of above;

D.   For prejudgment interest;

E.   For punitive and/or exemplary damages;

F.   For treble damages;

G.   For costs of suit herein, including reasonable attorneys' fees and costs as permitted by applicable law; and

H.   For such other and further relief as the Arbitrator may deem just and proper.

Dated: Honolulu, Hawaii, March 15, 2021.


JAMES J. BICKERTON
BRIDGET G. MORGAN-BICKERTON

Attorneys for Claimant JERRY HIATT, and All
Others Similarly Situated

15
**EXHIBIT "A"**



EXHIBIT "1"









EXHIBIT "F"

| STATE OF HAWAI'I CIRCUIT COURT OF THE THIRD CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF<br><br>JERRY M. HIATT, | VS. | DEFENDANT(S)<br><br>TESLA INC., a Delaware Corporation, |
|---|---|---|

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

JAMES J. BICKERTON  3085-0
BRIDGET G. MORGAN-BICKERTON 8705-0
JEREMY K. O'STEEN  10682-0
745 Fort Street, Suite 801
Honolulu, Hawai'i 96813, Telephone: (808) 599-3811
Attorneys for Plaintiff

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

JAMES J. BICKERTON, BRIDGET G. MORGAN-BICKERTON, Bickerton Law Group, LLLP
745 Fort Street, Suite 801, Honolulu, HI 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Cheryl Salmo**<br>**Clerk, 3rd Circuit, State of Hawai'i** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>THIRD ____ CIRCUIT | CIVIL INFORMATION SHEET | |
|---|---|---|

| | | **Electronically Filed<br>THIRD CIRCUIT<br>3CCV-21-0000068<br>12-MAR-2021<br>02:40 PM<br>Dkt. 2 CIS** |
|---|---|---|

**I (A). PLAINTIFF(S)**

JERRY M. HIATT

☐ Additional page(s) attached

**I (B). DEFENDANT(S)**

TESLA INC., a Delaware Corporation,

☐ Additional page(s) attached

**II. (A).  PLAINTIFF'S (S') ATTORNEY (NAME/NUMBER)**

JAMES J. BICKERTON   3085-0
BRIDGET G. MORGAN-BICKERTON 8705-0
JEREMY K. O'STEEN   10682-0
745 Fort St., Suite 801, Honolulu, HI  96813

☐ Additional page(s) attached

**II. (B).  DEFENDANT'S (S') ATTORNEY (NAME/NUMBER)**

☐ Additional page(s) attached

**III.  NATURE OF SUIT**
- ☐ Contract
- ☐ Motor Vehicle Tort
- ☐ Assault & Battery
- ☐ Construction Defects
- ☐ Medical Malpractice
- ☐ Legal Malpractice
- ☐ Product Liability
- ☐ Other Non-Vehicle Tort
- ☐ Condemnation
- ☐ Foreclosure
- ☐ Agreement of Sale Foreclosure
- ☐ Agency Appeal
- ☐ Declaratory Judgment
- ☒ Other Civil Action
- ☐ Environmental Court

**IV. ORIGIN**
- ☒ (A). Original Proceeding
- ☐ (B). Transfer from District Court CIV. NO. _____
- ☐ (C). Transfer from another Circuit CIV. NO. _____

**V. DEMAND**

**VI. JURY DEMAND**
- ☐ YES
- ☒ NO

**VII. CLASS ACTION**
- ☐ YES
- ☒ NO

**VIII. REQUEST TO EXEMPT FROM ARBITRATION**
- ☐ YES
- ☐ NO

**IX. RELATED CASE(S)**

JUDGE   None

CIVIL NUMBER _____

| DATE<br>March 12, 2021 | ATTORNEY NAME / PARTY NAME<br>James J. Bickerton | SIGNATURE<br>/s/James J. Bickerton |
|---|---|---|

**RESERVED FOR COURT USE**

CIVIL NO.

In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402; MAUI- Phone No. 808-244-2929, FAX 808-244-2777; HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411; KAUAI- Phone No. 808-482-2365, TTY 808-482-2533, FAX 808-482-2509, at least ten (10) working days prior to your hearing or appointment date.

Civil Info Sheet
Form 1C-167 (10/19)
RG-AC-508 (10/19)

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
12-MAR-2021
02:40 PM
Dkt. 3 NEF**

An electronic filing was submitted in Case Number 3CCV-21-0000068. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---:|:---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date / Time:** | FRIDAY, MARCH 12, 2021 02:40:50 PM |
| **Filing Parties:** | James Bickerton |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 1-Complaint and Summons |
| **Supporting Document(s):** | 2-Civil Information Sheet |
| **Document Name:** | 1-COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS |
| | 2-CIVIL INFORMATION SHEET |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Jeremy O'Steen *( Osteen@bsds.com )*

Bridget Gallagher Morgan-Bickerton *( morgan@bsds.com )*

James J. Bickerton *( bickerton@bsds.com )*

The following parties need to be conventionally served:

TESLA, INC.

---

This filing type incurs a fee of $315.00. You must pay by credit card or in person.

Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
12-MAR-2021
02:40 PM
Dkt. 4 PYD

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT
STATE OF HAWAI`I

HIATT v. TESLA, INC.

CASE NO. 3CCV-21-0000068

PAYMENT DUE TO COURT

PAYMENT DUE TO COURT

Bickerton, James J. owes the following fees:

$315.00   Complaint/Summons

The total amount due is $315.00. Make your payment to Circuit Court of the Third Circuit, 74-5451 Kamakaeha Ave, Kailua-Kona, HI, 96740 with this notice within ten (10) days of this notice.

If you do not pay the total amount due, your complaint will be dismissed or your document stricken.

You may file a request that the court waive the filing fees. If the court does not grant your request, you must pay the filing fees.

Dated: March 12, 2021

/s/ Lester Oshiro
Clerk of the Court

1 of 1

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
12-MAR-2021
02:40 PM
Dkt. 5 NEF**

An electronic filing was submitted in Case Number 3CCV-21-0000068. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---:|---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | HIATT v. TESLA, INC. |
| **Filing Date / Time:** | FRIDAY, MARCH 12, 2021 02:40:50 PM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 4-Payment Due To Court |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Jeremy O'Steen *( Osteen@bsds.com )*

Bridget Gallagher Morgan-Bickerton *( morgan@bsds.com )*

James J. Bickerton *( bickerton@bsds.com )*

The following parties need to be conventionally served:

TESLA, INC.

---

This filing type incurs a fee of $315.00. You must pay by credit card or in person.

**THIRD CIRCUIT**
**STATE OF HAWAIʻI**
**RECEIPT**

**Electronically Filed**
**THIRD CIRCUIT**
**3CCV-21-0000068**
**19-MAR-2021**
**09:33 AM**
**Dkt. 6 PY**

Case No:3CCV-21-0000068

**RECEIPT NO:22002**

RECEIVED FROM: Bickerton, James J.

**19-MAR-2021**
**9:33 AM**

THE SUM OF: $315.00

DESCRIPTION: Payment by Check/Money Order

1. Complaint/Summons

| | |
|---|---|
| ADMN- ADMIN_FEE | $50.00 |
| CIND- INDIGENT_SURCHARGE | $65.00 |
| V002- Complaint/Summons | $200.00 |

**TOTAL**          **$315.00**

 /s/Court Document Clerk

**BICKERTON LAW GROUP**
**A Limited Liability Law Partnership**
JAMES J. BICKERTON                        3085-0
BRIDGET G. MORGAN-BICKERTON      8705-0
JEREMY K. O'STEEN                         10682-0
745 Fort Street, Suite 801
Honolulu, Hawai'i 96813
Telephone:  (808) 599-3811
Facsimile: (808) 694-3090
Email: bickerton@bsds.com; morgan@bsds.com; osteen@bsds.com

Attorneys for Plaintiff
JERRY M. HIATT

**Electronically Filed**
**THIRD CIRCUIT**
**3CCV-21-0000068**
**19-MAR-2021**
**03:02 PM**
**Dkt. 7 CAMD**

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| JERRY M. HIATT,<br><br>     Plaintiff,<br><br>vs.<br><br>TESLA INC., a Delaware Corporation,<br><br>     Defendant. | CIVIL NO. 3CCV-21-0000068<br>(Other Civil Action)<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS** |

### FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

Comes now Plaintiff JERRY M. HIATT ("Plaintiff" or "Hiatt") through his undersigned attorney, for complaint against TESLA, INC. ("Tesla" or "Defendant"), and alleges and avers as follows:

1.       Plaintiff Hiatt is, and at all times relevant hereto was, a resident and citizen of the State of Hawaii residing in the County of Hawaii.

2.      Defendant Tesla is, and at all times relevant hereto was, a Delaware corporation duly licensed to do business in the State of Hawaii, with a Honolulu business address at 746 Auahi Street, Honolulu Hawaii 96813 ("Honolulu Office").

3.      Plaintiff Hiatt seeks to assert statutory and common law claims against Tesla arising out of the condition of Plaintiff's Tesla 2019 Model 3 vehicle ("Vehicle") which was delivered to him in Kailua-Kona.  Plaintiff anticipates that Tesla may seek to preclude Plaintiff from asserting such claims in a court of competent jurisdiction by asserting that the claims are subject to an arbitration requirement.

4.      Plaintiff disputes the arbitrability of all or part of his claims against Tesla and brings this action to have the Court declare whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitration, including whether any arbitration provision that Tesla may rely on is lawful, valid, applicable or otherwise enforceable under Hawaii law as to any of the claims at issue.

5.      Because Plaintiff disputes the existence of and applicability of any arbitration agreement to his claims against Tesla, including its limitations on the right to proceed by class or group action, Plaintiff asks that the Court determine both the validity and enforceability of any claimed agreement to arbitrate and the scope and extent of the matters subject to arbitration.  In asking for this determination, Hiatt does not waive any other right he may have, which rights are expressly reserved.

6.      The nature of the underlying dispute between Hiatt and Tesla is set out in Exhibit "A" hereto, which is a draft demand for arbitration that Hiatt intends to submit if required, without waiving his right to have this Court determine the issues and controversies raised herein.

7.      In particular, Tesla may rely on or seek enforcement of language in its form

purchase agreement, which Plaintiff does not have a record of signing when he acquired his

vehicle from Tesla, and which states that:

> If not resolved within 60 days, you agree that any dispute arising out of or relating
> to any aspect of the relationship between you and Tesla will not be decided by a
> judge or jury but instead by a single arbitrator in an arbitration administered by
> the American Arbitration Association (AAA) under its Consumer Arbitration
> Rules. This includes claims arising before this Agreement, such as claims related
> to statements about our products.
>                                         * * *
> The arbitrator may only resolve disputes between you and Tesla, and may not
> consolidate claims without the consent of all parties. The arbitrator cannot hear
> class or representative claims or requests for relief on behalf of others purchasing
> or leasing Tesla vehicles.  In other words, you and Tesla may bring claims against
> the other only in your or its individual capacity and not as a plaintiff or class
> member in any class or representative action. If a court or arbitrator decides that
> any part of this agreement to arbitrate cannot be enforced as to a particular claim
> for relief or remedy, then that claim or remedy (and only that claim or remedy)
> must be brought in court and any other claims must be arbitrated.
>
> If you prefer, you may instead take an individual dispute to small claims court.
>
> You may opt out of arbitration within 30 days after signing this Agreement by
> sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont,
> CA 94539-7970, stating your name, Vehicle Identification Number, and intent to
> opt out of the arbitration provision. If you do not opt
> out, this agreement to arbitrate overrides any different arbitration agreement
> between us, including any arbitration agreement in a
> lease or finance contract.

8.      The foregoing provision is hereinafter referred to as "the Tesla arbitration

provision" or "TAP".  As used herein, TAP also includes the following provisions insofar as they

purport to bind any arbitrator with respect to applicable law or remedies:

> Limitation of Liability. We are not liable for any incidental, special or
> consequential damages arising out of this Agreement. Your sole and exclusive
> remedy under this Agreement will be limited to reimbursement of your Order
> Payment.
>                                         * * *
> Governing Law; Integration; Assignment. The terms of this Agreement are
> governed by, and to be interpreted according to, the laws of the State in which we

3

are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration.  Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

9.      The TAP was not agreed to, or accepted by, Plaintiff Hiatt.

10.     Furthermore, to the extent the arbitration agreement exists, Plaintiff Hiatt has opted out of arbitration by sending a letter to Tesla advising it of that fact and by contesting the validity of the arbitration clause since the inception of this dispute.

11.     There is no valid agreement to arbitrate between the parties because, *inter alia*, the  TAP is invalid, unconscionable and unenforceable under Hawaii law and in particular under the standards announced in *Narayan v. Ritz-Carlton Dev. Co.*, 140 Hawai'i 343, 346, 400 P.3d 544, 547 (2017), because, separately and/or in combination, and among other reasons:

    a.   The TAP is unconscionable under Hawaii common law contract principles and thus is not an enforceable agreement under either Haw. Rev. Stat. ("HRS") § 658A or 9 U.S.C. § 2,

    b.   The TAP is an adhesive contract,

    c.   The TAP is ambiguous (including, but not limited to,  when read with the other controlling documents such as the warranty; the right to pursue certain claims in small claims court; and the right to reject the arbitration provision),

    d.   The TAP prevents an arbitrator from awarding special, consequential, punitive damages or treble damages which are permitted under HRS 480-2 *et. seq.*,

    e.   The TAP appears to limit recovery to the cost of the vehicle,

4

    f.   The TAP purports to allows opt-outs but arbitrarily limits same to within 30 days of "signing" the agreement.  Moreover, the date of "signing" is not readily capable of being ascertained.

    g.   The TAP prohibits joining with other claimants or bringing class action claims,

    h.   The TAP does not appear to permit the recovery of attorneys' fees otherwise permitted or required by law, thus preventing any claimant from ever being made whole,

    i.   The TAP is unfair within the meaning of HRS § 480-2 and hence is void under HRS § 480-12, and/or

    j.   The TAP's purported prohibitions on joining together with others unfairly and oppressively prevents the exercise of a fundamental constitutional right under the State Constitution, to wit, the right of free association and "the right of the people peaceably to assemble and to petition the government for a redress of grievances," and neither Chapter 658A nor any other state law may be used to abridge such freedoms.

12.    The TAP's unconscionability is so pervasive that its unconscionable provisions cannot be severed and the rest of the arbitration clause enforced.

13.    The TAP was procured by fraud and/or misrepresentation, including, but not limited to because Tesla failed to disclose serious defects in the Vehicle known to it at the time of sale and hence, for that separate and independent reason, is invalid and unenforceable. The defects included, but were not limited, to a faulty glass roof panel (the "Roof Panel Defect" or "RPD") which first cracked during normal use shortly after purchase of the Vehicle, then was

5

purportedly repaired by Tesla, and then partially detached during normal use following the alleged repair as well as a faulty underbody panel (the "Under Panel Defect" or "UPD") which also partially detached in normal use shortly after purchase of the Vehicle.

14.     Whether or not the TAP is otherwise invalid and unenforceable for the foregoing reasons, Plaintiff contends the TAP does not include "class or representative claims or requests for relief on behalf of others" (hereinafter "Class Claims") within the scope of matters that are arbitrable, because it expressly does not apply to Class Claims and excludes them from the scope of arbitrable disputes.  At the very minimum, the TAP is ambiguous as to whether it merely precludes Class Claims from arbitration, or whether it purports to function beyond the scope of an arbitration clause as it is titled, and actually purports to limit Plaintiff's rights to make Class Claims in any forum, and any such ambiguity should be construed against Defendant Tesla and in favor of Plaintiff Hiatt to permit Hiatt to bring Class Claims (more fully described in Exhibit "A" hereto) in court.

15.     If the Court determines that the agreement to arbitrate cannot be enforced as to Class Claims, and that Class Claims are therefore not arbitrable, then pursuant to the TAP, Plaintiff Hiatt asks the Court to rule that such claims "must" be pursued in court.

16.     Plaintiff alleges that the value of the right of Plaintiff to proceed by way of court proceeding rather than arbitration, or the right to proceed as a class representative  rather than solely as an individual claimant or plaintiff, is above any jurisdictional minimum of this Court, but below any jurisdictional limit for federal court.  That right, which relates solely to the forum and the type of claims that may be asserted, is not directly correlative with the value of the claims themselves.

WHEREFORE, Plaintiff Hiatt prays that an award be entered in favor of Hiatt and against Tesla as follows:

A.      A ruling as more specifically described in Paragraphs 9-14 above that the claimed Tesla arbitration provision is unenforceable for one or more the reasons stated and a judgment for declaratory and injunctive relief enforcing that ruling;

B.      For such other and further relief as the Court may deem just and proper.

Dated: Honolulu, Hawaii, March 19, 2021.


                                        /s/ James J. Bickerton
                                        JAMES J. BICKERTON
                                        BRIDGET G. MORGAN-BICKERTON
                                        JEREMY K. O'STEEN

                                        Attorneys for Plaintiff JERRY M. HIATT

JERRY M. HIATT,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

          Claimant,

vs.

TESLA INC, a Delaware Corporation;

          Respondent.

AAA Arbitration No.

CLAIMANT JERRY M. HIATT'S
STATEMENT OF CLAIM; EXHIBITS 1-5

## CLAIMANT JERRY M. HIATT'S STATEMENT OF CLAIM

Comes now Claimant JERRY M. HIATT ("Claimant" or "Hiatt") through his undersigned attorney, individually and on behalf of all others similarly situated for his claim against TESLA, INC. ("Tesla" or "Respondent"), and alleges and avers as follows:

### ARBITRABILITY

1.     Claimant Hiatt disputes the arbitrability of part or all of his claims against Tesla and reserves the right to seek to bring his claims in a court of competent jurisdiction and to have them heard by a jury to the extent the law permits.  Thus, this demand for arbitration is only for those claims that are required by law, including applicable contract law, to be arbitrated and Claimant does not wish to, or intend to,  arbitrate any dispute described herein which he is not required to submit to arbitration.

2.     Because Claimant disputes the applicability of any arbitration agreement to this dispute and, as a threshold matter, he asks that the arbitrator determine both the validity and enforceability of any claimed agreement to arbitrate and the scope and extent of the matters subject to arbitration.  In asking for this determination, Hiatt does not waive any right he may have to have a court make this determination.

3.     In particular, Tesla may rely on or seek enforcement of language in its form purchase agreement, which Claimant does not have a record of signing when he acquired his vehicle from Tesla, that states that:

> If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by

1

**EXHIBIT "A"**

the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

* * *

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles.  In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

4.      The foregoing provision is hereinafter referred to as "the Tesla arbitration provision" or "TAP".  As used herein, TAP also includes the following provisions insofar as they purport to bind any arbitrator with respect to applicable law or remedies:

Limitation of Liability. We are not liable for any incidental, special or consequential damages arising out of this Agreement. Your sole and exclusive remedy under this Agreement will be limited to reimbursement of your Order Payment.

* * *

Governing Law; Integration; Assignment. The terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration.  Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

5.      The TAP was not agreed to, or accepted by, Claimant Hiatt.

6.      Furthermore, Claimant Hiatt has opted out of arbitration by sending a letter to Tesla advising it of that fact.

7.      The TAP is invalid, unconscionable and unenforceable under Hawaii law and in particular under the standards announced in *Narayan v. Ritz-Carlton Dev. Co.*, 140 Hawai'i 343, 346, 400 P.3d 544, 547 (2017), because, separately and/or in combination:

a.  The TAP is unconscionable under Hawaii common law contract principles and thus is not an enforceable agreement under either Haw. Rev. Stat (HRS) § 658A or 9 U.S.C. § 2,

b.  The TAP is an adhesive contract,

c.  The TAP is ambiguous (including, but not limited to,  when read with the other controlling documents such as the warranty; the right to pursue certain claims in small claims court; and the right to reject the arbitration provision),

d.  The TAP prevents an arbitrator from awarding special, consequential, punitive damages or treble damages which are permitted under HRS 480-2 *et. seq*.,

e.  The TAP appears to limit recovery to the cost of the vehicle,

f.  The TAP purports to allows opt-outs but arbitrarily limits same to within 30 days of "signing" the agreement.  Moreover, the date of "signing" is not readily capable of being ascertained.

g.  The TAP prohibits joining with other claimants or bringing class action claims,

h.  The TAP does not appear to permit the recovery of attorneys' fees otherwise permitted or required by law, and/or

i.  The TAP is unfair within the meaning of HRS § 480-2 and hence is void under HRS § 480-12.

8.      The TAP's unconscionability is so pervasive that its unconscionable provisions cannot be severed and the rest of the arbitration clause enforced.

9.      The TAP was procured by fraud and/or misrepresentation for the reasons alleged in more detail below (to wit, the concealment of serious defects) and hence, for that separate and independent reason, is invalid and unenforceable.

10.      Whether or not the TAP is otherwise unenforceable for the foregoing reasons, Claimant contends the TAP does not include  "class or representative claims or requests for relief

3

on behalf of others" (hereinafter "Class Claims") within the scope of matters that are arbitrable, because it expressly does not apply to Class Claims and excludes them from the scope of arbitrable disputes.  At the very minimum, the TAP is ambiguous as to whether it merely precludes Class Claims from arbitration, or whether it purports to function beyond the scope of an arbitration clause as it is titled, and actually purports to limit Claimant's rights to make Class Claims in any forum, and any such ambiguity should be construed against Respondent Tesla and in favor of Claimant Hiatt.

11.     If the arbitrator determines that the "agreement to arbitrate cannot be enforced as to" Class Claims, and that Class Claims are therefore not arbitrable, then pursuant to the TAP, Claimant Hiatt asks the arbitrator to rule that such claims "must" be pursued in court.

## PARTIES

12.     Claimant Hiatt is, and at all times relevant hereto was, a resident and citizen of the state of Hawaii residing in the County of Hawaii.

13.     Respondent Tesla is, and at all times relevant hereto was, a Delaware corporation duly licensed to do business in the State of Hawaii, with a Honolulu business address at 746 Auahi Street, Honolulu Hawaii 96813 ("Honolulu Office").

## CLASS ACTION ALLEGATIONS

### A.  Nationwide Class

14.     Claimant Hiatt brings this claim on behalf of himself and all others similarly situated who purchased in the United States (the "Nationwide Class") pursuant to Haw. R. Civ. P.  Rule 23 (or Fed. R. Civ. P. Rule 23 if applicable, or any applicable AAA rules permitting class arbitration).   In addition Claimant brings this claim on behalf of himself and persons similarly situated in the State of Hawaii ("the Hawaii Class," discussed in more detail below.) The Nationwide Class and the Hawaii Class shall be collectively referred to herein as "the Class".  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23 and any related AAA rules.

15.     This action arises from the actions of Tesla and/or its agents from in or about July, 2017 through the present time("the Class Period") in the rushed manufacture and sale of inherently dangerous and defective Model 3 Tesla vehicles, at least some of which were sold with:

a)  Defective glass roof panels that were prone to cracking, and or other partial or complete detachment (the "Roof Glass Defects" or "RGD"); and/or

b)  Defective underbody panels that were inadequately attached to the vehicle frame, which were prone to becoming partially or completely detached.  (the "Under Body Panel Defects" or "UBPD").

16.     To date Tesla has manufactured and sold approximately 500,000 Model 3 vehicles. On information and belief these vehicles were all produced at Tesla plants in Fremont, California and Shanghai, China.

17.     On information and belief Tesla learned of both the RGD and the UBPD early in the course of its sales of the Model 3.

18.     Hiatt purchased a new Tesla Model 3, VIN No. 5YJ3E1EB4KF205758 "Vehicle" in cash and trade for the total sum of $52,600 on or about February 28, 2019.   Hiatt is therefore a member of the Class.  The vehicles purchased by other members of the Class, including Hiatt, are referred to as "Class Vehicles" herein.

19.     Hiatt was not provided with any notice, or warning, by Tesla concerning either the RGD or the UBPD at any time prior to his purchase.   Had he been so warned he would not have purchased the Vehicle.  Similarly, other members of the Class were not given such notice or warning and would not have purchased had they been given the same.

20.     Hiatt and the other members of the Class (collectively "Claimants") all purchased their Class Vehicles for personal, family or household purposes.  Claimants purchased their Class Vehicles relying upon Tesla's representations in its advertising, its website and/or in its dealerships that it is committed to selling safe and reliable vehicles.

21.     Tesla has failed to provide any notice, or warning, to any other purchaser of any Model 3, in any jurisdiction, concerning either the RGD or the UBPD at any time from the start of sales of the Model 3 to the present time.

22.     Tesla has also failed to provide any notice, or warning, to any domestic or foreign governmental agency as to either the RGD or the UBPD at any time from the start of sales of the Model 3 to the present time.

23.     Upon information and belief Tesla has also failed to conduct a safety recall as to either the RGD or the UBPD at any time from the start of sales of the Model 3 to the present time in any domestic or foreign jurisdiction where the Model 3 has been sold.

24.     The RGD and the UBPD are each defects in the design and/or manufacturing of the Model 3 that render the vehicles unreasonably dangerous.

25.     Said defects are the proximate cause of injuries and damages to the members of the Class.

### B.  Hawaii Class

26.     The Hawaii Class consists of all persons who purchased Model 3 Teslas in the State of Hawaii during the Class Period.  Claimant Hiatt is a member of the Hawaii Class.

27.     Model 3 Teslas contain electronic components that qualify as "computers" within the meaning of HRS §708-890.  The on-board Tesla computer is owned by each Tesla owner and contains unique personal information about that owner and his or her activities, location and travels.

28.     Respondent Tesla accesses that information without the authorization of the owner and uses it for financial gain, thereby committing a felony under HRS §708-895.5 which provides that "[a] person commits the offense of unauthorized computer access in the first degree if the person knowingly accesses a computer, computer system, or computer network without authorization and thereby obtains information, and…[t]he offense was committed for the purpose of commercial or private financial gain."

29.     The action of Tesla in taking information from the owner's computer for its own business purposes in violation of Hawaii law is both unfair and deceptive within the meaning of HRS Chapter 480 (unfair and deceptive trade practices).

30.     Tesla has profited off its aforesaid violations of Hawaii law throughout the class period, and Claimant Hiatt and the Hawaii Class are therefore entitled to restitution in amounts to be proven at trial.

31.     In addition, Claimant Hiatt and the members of the Hawaii Class are entitled to damages for the tortious wrong of unlawfully accessing and using private information, including an award of punitive damages, because such invasion of right was done knowingly, willfully and/or with conscious disregard of rights of others.

### ALLEGATIONS SPECIFIC TO HIATT

32.     None of the parts in question were altered in any substantial way between the time Tesla sold the Vehicle to Hiatt and the present time.

33. Both the RGD and the UBPD became evident on Hiatt's Vehicle within 10 months of Hiatt's purchase of the Vehicle. Hiatt promptly reported both defects to Tesla through Manager, Teresa Mautino ("Mautino") in November, 2019.

34. The RGD on the Hiatt Vehicle consisted of a large crack which suddenly appeared in the glass of the roof directly over the driver's seat. Mr. James Wilson ("Wilson") an authorized "roving" Tesla service technician came to the Big Island and examined this defect at Hiatt's home on November 26, 2019. At that time Wilson confirmed to Hiatt that the roof glass had cracked because the glass had been installed "out of alignment" at the factory. He also confirmed that he had previously seen similar problems on other Model 3 vehicles which he had previously serviced in Hawaii.

35. The UBPD on the Hiatt Vehicle consisted of the sudden partial detachment of the underside panel on the car while Hiatt was driving the vehicle. As a result, the forward edge of the panel suddenly dug into the pavement creating a loud noise and a frightening and unexpected failure that could have easily caused a serious and/or fatal accident. Wilson also examined the panel and the rear of the Vehicle during his inspection on November 26, 2019. Pictures of the rear of the Vehicle taken that day showing the Panel hanging down and also showing it detached with abrasions from the accident (jpg 4399) are attached as Exhibits 1-4 hereto.

36. Wilson confirmed to Hiatt that 3 bolts meant to fasten the Panel to the underside of the Vehicle were completely missing from the original factory installation and that he had seen similar problems on other Model 3 vehicles which he had serviced in Hawaii.

37. Wilson also confirmed that driving the car in that condition risked detachment of the rear bumper and was a serious safety risk. During Wilson's visit he discussed with Hiatt that both the RGD and the UBPD issues were quality control problems which he believed occurred because Tesla was rushing to complete and deliver Model 3's in the relevant period to meet their production goals.

38. An 11.26.19 email from Hiatt to Wilson accurately confirming many of the comments of Wilson made on that date states as follows:

Dear James,

Thanks very much for coming to my house today to attempt to repair my Tesla Model 3.

After examining the two problems I reported **you kindly explained that, as to the first problem, i.e. the rear under car plastic shield, that this shield had failed and fallen**

**down due to the failure to install 3 bolts at the factory prior to delivery of the car. You said you had seen the same problem previously on other cars.** You indicated that if you left that shield off and replaced the rear bumper and if the car were driven then the rear bumper might come off. We therefore agreed that it was not safe to drive the car till it was fully repaired. You were not sure whether that repair would be done here or would require shipment of the car to Oahu.

**As to the second problem, i.e. the glass panel which was broken on the roof, you noted that the panel was out of alignment and concluded that the glass on the roof had failed because of stress cracks in normal use.**

**You indicated that you had also seen this problem on other Tesla vehicles.**

You also indicated that both of these issues were within my warranty.

I thank you for your candor and ask that you please arrange a rental car for me during the repair period and that you keep me posted on what will be done to repair these two defects and also what will be done to prevent further stress cracks in the ceiling panel when the current crack is repaired. **This is concerning as it appears to be a design flaw, which is likely to recur, unless there is a design fix.**

Thanks and aloha,

Jerry

(Emphasis supplied)

39.    After Hiatt reported these two defects to Tesla, he was advised by Ms. Mautino that the car would need to be picked up at his home and towed to Kawaihae for shipment to Honolulu, where it was to be repaired and then returned to Hiatt. Hiatt expressed specific concerns in an email to Ms. Mautino on 12.2.19 in which he stated:

"I would like a best guess on how long the service will likely take and some more info on the two defects discovered—**both of which have really shaken my confidence in the brand on basic safety and design issues.**
Aloha,
Jerry"

(Emphasis supplied).

40.    Hiatt had a follow-up call with Ms. Mautino at approximately 10 am on 12.3.19. In the call he explained to her that he was alarmed about the roof defect and that he had read on line reports that similar defects had occurred in several other Model 3's owned by others. He also explained that he was afraid it would happen again and that the whole process of shipping the car from the Big Island of Hawaii to Honolulu for service was a major time commitment. He

was assured by Ms. Mautino that the repair would be done thoroughly and properly and Hiatt therefore agreed to proceed with the repair.

41.     In reliance on these representations shipment of the car to Honolulu from the Big Island. This took another 15 days after this email to occur and took place on December 19, 2019. The car was returned and picked up by Hiatt on January 24, 2020.

42.      Tesla arranged to tow the car to the Kawaihae Harbor and for shipment by Young Brothers barge to the Tesla service center in Honolulu. They also provided a rental car through Enterprise. As a result, Hiatt was denied use of his vehicle  for approximately 14 days in November, 2019, all of December, 2019 and most of January 2020, until he picked up the vehicle at the port of Kawaihae on Friday, January 24, 2020 after it had allegedly been serviced. As of January 24, 2019, this was a total period of 69 days, i.e. more than 20% of the time Hiatt had  then owned the vehicle.

43.     Thinking it was safely repaired, Hiatt thereafter used the car to drive his wife and son to the Kona airport on January 25, 2020.  However as soon as he reached highway speed on Palani Road from Waimea towards Kona Hiatt noticed the noise of wind whistling in the car.  He checked and closed all the windows, but the noise persisted. He pulled over and checked and reclosed all the doors and then resumed the drive. The noise still persisted.  He then discovered that there was a separation of the roof glass and a major air leak along the glass roof panels above and behind the front seat on both sides as confirmed by Exhibit 5 attached hereto.   The separation created a significant  risk that the entire roof panel would detach.

## COUNT I,  STRICT PRODUCT LIABILITY

44.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

45.     Respondent Tesla is in the business of selling automobiles and/or their components for the ultimate use of businesses and consumers.

46.     The products sold by Tesla are expected to and do reach their end users without substantial change in their condition after they are sold.

47.     The Vehicle sold to Hiatt and all others similarly situated contained one or more design and/or manufacturing defects that rendered the Vehicles unreasonably dangerous.

48.     Said defect was the proximate cause of damage and injuries to Hiatt and the Class.

49.     As a result of the dangerously defective condition of the Vehicles, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

50.     In selling, manufacturing and/or designing the Vehicles and their components, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of its civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT II,  NEGLIGENCE

51.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52.     Tesla had a duty to act with reasonable care to ensure that the Vehicles were reasonably safe for their intended use.

53.     Tesla breached this duty in the respects set forth above.

54.     Such breaches were the proximate cause of the injuries to Hiatt and the Class.

55.     As a result of Tesla's breach of its duty to act with reasonable care, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

56.     In breaching their duty of care to Hiatt and the Class, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of their civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT III,  BREACH OF EXPRESS WARRANTIES

57.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

58.     Tesla expressly warranted the Vehicle and its components to be free of design and manufacturing defects and to be reasonably safe to operate.

59.     Tesla's representations became part of the basis of the bargain made between Hiatt, the Class and Tesla to purchase the Vehicles.

60.     The Vehicles have either failed to perform in accordance with Tesla's representations, or are at risk of doing so.

61.     As a proximate result of such failure, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

62.     As a result of Tesla's breach of its express warranties, Hiatt and the Class are also entitled to an award of attorneys' fees.

### COUNT IV, BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

64.     Tesla is a merchant of automobiles and their components, including the Vehicles at issue herein.

65.     The Vehicles were  defective and/or unfit for the ordinary purpose for which they were  sold and used.

66.     As a proximate result of such defective condition or lack of fitness, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

67.     In breaching the implied warranty of merchantability, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of their civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

### COUNT V, BREACH OF IMPLIED WARRANTY OF FITNESS
### FOR A PARTICULAR PURPOSE

68.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

69.     Hiatt and the Class purchased the Vehicles for a particular purpose, i.e., to operate safely on public and/or  private  roadways.

70.     Tesla knew or should have known of Class members' particular purpose for the Vehicles.

71.     The Vehicles failed to meet Class members' particular purpose.

72.     As a proximate result of such failure, Hiatt and the Class have suffered special, general, consequential and incidental damages in an amount to be shown at trial.

73.     In breaching the implied warranty of fitness for a particular purpose, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of their civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

### COUNT VI, INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

74.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

75.     Tesla, through its salespersons and local management, made representations to Hiatt, and/or failed to disclose information known to them and unknown to Hiatt with respect to whether the vehicle was safe at the time of sale and later, after the failures described above, that the repairs to Hiatt's vehicle would be made properly (together hereafter the "Misrepresentations").

76.     Tesla knew or should have known that such Misrepresentations were false.

77.     Tesla knew and/or contemplated, or should have known and/or contemplated that Hiatt would rely on the Misrepresentations.

78.     Hiatt did, in fact, reasonably rely on the Misrepresentations, to his detriment.

79.     As a proximate result of these Misrepresentations, Claimant Hiatt has suffered special, general, consequential and incidental damages in an amount to be shown at trial.

80.     In making the Misrepresentations referred to above, Tesla acted recklessly, wantonly and willfully or with a conscious disregard of its civil obligations, thus warranting the imposition of punitive damages by this Court in an amount to be determined at trial.

## COUNT VII, VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301, et seq.)

81.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

82.     Hiatt and the members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

83.     Tesla is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

84.     The Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

85.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

86.     Tesla's new vehicle warranties and representations as to the quality of the Class Vehicles are written warranties within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(6)(A), (B).

87.    The Class Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

88.    Tesla breached these warranties, as described in more detail above.

89.    The Class Vehicles are subject to the RGD and the UBPD which constitute equipment failures and put vehicle occupants' safety in jeopardy. The Class Vehicles share a common defect in that the roof glass and underbody panels are manufactured with defective materials and/or installed using poor workmanship. Contrary to Tesla's representations about its vehicles, the sunroof glass and underbody guards are defective in manufacture, materials and/or workmanship and are unsafe. The Class Vehicles share a common defect that causes or allows these components to spontaneously and/or otherwise unreasonably break under foreseeable circumstances in which non-defective components would not. The failures are occurring within the warranty terms and period.

90.    Tesla further breached its written warranties by not repairing and replacing the RGD and the UBPD, pursuant to the three year/36,000 mile new vehicle written warranty.

91.    Affording Tesla a further reasonable opportunity to cure its breach of written warranties is unnecessary and would be futile here. Tesla has long been on notice of the claims of Hiatt and Class members and has declined to provide a suitable remedy.

92.    At the time of sale or lease of each Class Vehicle, Tesla knew, or should have known, or was reckless in not knowing of the Misrepresentations concerning the Class Vehicles' RGD and the UBPD and the inability of these vehicles to perform as warranted, but Tesla nonetheless failed to rectify the situation and/or disclose the defects. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Hiatt or the Class resort to an informal dispute resolution procedure and/or afford Tesla a reasonable opportunity to cure its breach of warranties is excused and should therefore be deemed satisfied.

93.    Hiatt and the other Class members would suffer economic hardship if they returned their Class Vehicles but did not receive the return of all payments made by them. Because Tesla is refusing to acknowledge any revocation of acceptance and return immediately any payments made, Hiatt and the other Class members have not re-accepted their Class Vehicles by retaining them.

94.     The amount in controversy of Class members' individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

## COUNT VIII – UNFAIR TRADE PRACTICES STATUTES WHERE APPLICABLE

95.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

96.      Each member of the Class is also entitled to recover under applicable statutes in their state of purchase that provide remedies to consumers for unfair or deceptive acts or practices ("UDAP") in trade or commerce ("UDAP statutes").

97.     The conduct of Tesla towards the Class described above, and the injuries of each Class member described above, entitle them to double, treble, or other damages as provided by the UDAP Statute applicable to their purchase.

98.     To the extent that UDAP Statutes permit such recovery, Hiatt here seeks such recovery on behalf of himself and each Class member

## COUNT IX – HAWAII UDAP STATUTE CLAIM (FOR HAWAII CLASS ONLY)

99.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein

100.     This Count overlaps with Count VIII for members of the Hawaii class.

101.     Hiatt and other members of the Hawaii Class are and at all times were "consumers" within the meaning of HRS Section 480-1, entitled to bring claims for UDAP under HRS Sections 480-2 and 480-13.

102.     The conduct of Tesla described herein, including but not limited to its unlawful access of computers, constitutes a UDAP under HRS Chapter 480.

103.     Hiatt and other members of the Hawaii Class have been injured by the UDAPs described herein and are entitled to an award of treble damages under HRS Section 480-13.

## COUNT X – HAWAII LEMON LAW (FOR HAWAII CLASS ONLY)

104.     Claimant Hiatt repeats and re-alleges each and every allegation contained above as if fully set forth herein.

105.     The defects described herein constitute a "nonconformity" within the meaning of HRS Chapter 481I.  Hiatt and (and other qualifying members of the Hawaii Class) have satisfied

14

all requirements to make a claim for damages under against Tesla under HRS Chapter 481I ("the Hawaii Lemon Law").

106.    Hiatt (and all other qualifying members of the Hawaii Class) are entitled to damages against Tesla under the Hawaii Lemon Law.

WHEREFORE, Claimant Hiatt prays that an award be entered in favor of Hiatt and the Class and against Tesla as follows:

A.    A Ruling as more specifically described in Paragraphs 2-10 above that the claimed Tesla arbitration provision is unenforceable for one or more the reasons stated and declaratory and injunctive relief enforcing that ruling;

B.    For general, special and consequential and incidental damages in an amount to be proven at trial as to Hiatt and each of the other Class members, including any applicable double or treble damages under applicable consumer protection statutes;

C.    For restitution to Claimant Hiatt and the Class of all benefits and profits gained or realized by Tesla as a result of the wrongful acts complained of above;

D.    For prejudgment interest;

E.    For punitive and/or exemplary damages;

F.    For treble damages;

G.    For costs of suit herein, including reasonable attorneys' fees and costs as permitted by applicable law; and

H.    For such other and further relief as the Arbitrator may deem just and proper.

Dated: Honolulu, Hawaii, March 15, 2021.


_____
JAMES J. BICKERTON
BRIDGET G. MORGAN-BICKERTON

Attorneys for Claimant JERRY HIATT, and All Others Similarly Situated











| STATE OF HAWAIʻI CIRCUIT COURT OF THE THIRD CIRCUIT | **SUMMONS** TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF                VS. | DEFENDANT(S) |
|---|---|
| JERRY M. HIATT, | TESLA INC., a Delaware Corporation, |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

JAMES J. BICKERTON   3085-0
BRIDGET G. MORGAN-BICKERTON 8705-0
JEREMY K. O'STEEN   10682-0
745 Fort Street, Suite 801
Honolulu, Hawaiʻi 96813, Telephone:  (808) 599-3811
Attorneys for Plaintiff

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

JAMES J. BICKERTON, BRIDGET G. MORGAN-BICKERTON, Bickerton Law Group, LLLP

745 Fort Street, Suite 801, Honolulu, HI  96813

_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
First Amended
First Amended

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019** **Signed by: /s/ Cheryl Salmo** **Clerk, 3rd Circuit, State of Hawaiʻi** |  |
|---|---|---|



In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.

| **STATE OF HAWAIʻI** CIRCUIT COURT OF THE <u>FIRST</u> CIRCUIT | **ADDITIONAL CLAIMS INFORMATION SHEET** | |
|---|---|---|

| I. Filing Attorney | II. Case No. | **Electronically Filed** |
|---|---|---|
| JAMES J. BICKERTON<br>BRIDGET G. MORGAN-BICKERTON<br>JEREMY K. O'STEEN<br>745 Fort Street, Suite 801<br>Honolulu, Hawaiʻi 96813, Telephone: (808) 599-3811 | 3CCV-21-0000068 | **THIRD CIRCUIT**<br>**3CCV-21-0000068**<br>**19-MAR-2021**<br>**03:02 PM**<br>**Dkt. 8 ACIS** |

III. Case Name

Jerry M. Hiatt v. Telsa, Inc., a Delaware Corporation.

IV. Title of Pleading

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS

V.   Does the above pleading **join any additional party(ies)** not previously named?   ☐ Yes   ☑ No

If "yes," please list **each additional party(ies)** below:

| Name(s) | Party Designation |
|---|---|
| 1. _____ | _____ |
| 2. _____ | _____ |
| 3. _____ | _____ |
| 4. _____ | _____ |

If additional space is needed, please attached additional sheet.

VI.   Does the above pleading **remove any additional party(ies)** not previously named?   ☐ Yes   ☑ No

If "yes," please list **each party** who has been **removed**:

| Name(s) | Party Designation |
|---|---|
| 1. _____ | _____ |
| 2. _____ | _____ |
| 3. _____ | _____ |
| 4. _____ | _____ |

If additional space is needed, please attached additional sheet.

| Signature of Filing Attorney | Date |
|---|---|
| /s/ James J. Bickerton | March 19, 2021 |

1C-P-009 (10/19)
Civil Addtl Claims Sheet

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**THIRD CIRCUIT**
**3CCV-21-0000068**
**19-MAR-2021**
**03:02 PM**
**Dkt. 9 NEF**

An electronic filing was submitted in Case Number 3CCV-21-0000068. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---:|:---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date / Time:** | FRIDAY, MARCH 19, 2021 03:02:05 PM |
| **Filing Parties:** | James Bickerton |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 7-Complaint Amended |
| **Supporting Document(s):** | 8-Additional Claims Info Sheet |
| **Document Name:** | 7-FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; EXHIBIT "A"; SUMMONS |
|  | 8-ADDITIONAL CLAIMS FORM |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Jeremy O'Steen *( Osteen@bsds.com )*

Bridget Gallagher Morgan-Bickerton *( morgan@bsds.com )*

James J. Bickerton ( *bickerton@bsds.com* )

The following parties need to be conventionally served:

TESLA, INC.

---

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>__THIRD____ CIRCUIT | RETURN AND ACKNOWLEDGMENT<br>OF SERVICE | |
|---|---|---|

| | **Electronically Filed**<br>**THIRD CIRCUIT**<br>**3CCV-21-0000068**<br>**29-MAR-2021**<br>**10:52 AM**<br>**Dkt. 10 RAS** |
|---|---|

CASE NUMBER

**Civil No. 3CCV-21-0000068**

CASE NAME

**JERRY M. HIATT vs. TESLA INC., a Delaware Corporation**

DOCUMENTS SERVED: First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons
_____
_____
_____
_____

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on  TESLA INC., a Delaware Corporation
                                                                (name of party)
on  _3·26·21_  at  _1000_  at  _____
        (date)              (time)
_1136 Union Mall #301 Honolulu_  within the State of Hawai'i as follows:
            (address)

☐ PERSONAL:  By delivering to and leaving with _____, personally.

☐ SUBSTITUTE:  [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

☐ SUBSTITUTE:  [HRCP 4(d) (1) (B)] I served above-named defendant through _____, authorized agent to receive service of process for said defendant.

☒ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On _Tesla Inc., a Delaware_
                                                    (name of business/corp/entity)
_Corporation_ by serving through _Nina Bourke_ ,
                                    (name of person served)
_____, who is the _____ and authorized agent
                                        (position/title)
of said Business/Corporation/Governmental Entity.

☐ GARNISHMENT:  I served _____ through _____
                            (name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
    (name of person served)

☐ NOT FOUND:  After due and diligent search and inquiry, I am unable to find _____.
                                                                    (name of party)

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>__THIRD___ CIRCUIT | RETURN AND ACKNOWLEDGMENT OF SERVICE<br>(Page 2) |
|---|---|

CASE NUMBER

## Civil No. 3CCV-21-0000068

CASE NAME

## JERRY M. HIATT vs. TESLA INC., a Delaware Corporation

Attorney (Name, I.D. No., Address, Phone)
James J. Bickerton 3085-0
Bridget G. Morgan-Bickerton 8705-0
Jeremy O'Steen 10682-0     745 Fort Street, Suite 801 Honolulu, Hawai'i 96813     Phone: (808)599-3811

| Date:<br><br>3·26·21 | ~~Sheriff/Police Officer~~ (type or print)<br><br>Nelson Tamayori - Process Server | Signature |
|---|---|---|

| SUBSCRIBED AND SWORN<br>TO BEFORE ME THIS DATE:<br><br>IN _____ , HAWAI'I | NOTARY PUBLIC'S SIGNATURE:<br><br><br>STATE OF HAWAI'I | MY COMMISSION EXPIRES: |
|---|---|---|

## ACKNOWLEDGMENT OF SERVICE

_____Declии_____         3·26·21         1 000
(signature of person served)         (date)         (time)

_____Nина Bоurкe (Agент)_____

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
29-MAR-2021
10:52 AM
Dkt. 11 NEF**

An electronic filing was submitted in Case Number 3CCV-21-0000068. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---:|:---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date / Time:** | MONDAY, MARCH 29, 2021 10:52:51 AM |
| **Filing Parties:** | James Bickerton |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 10-Service-Return/Acknowledgement |
| **Supporting Document(s):** | |
| **Document Name:** | 10-Return and Acknowledgment of Service - First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons - TESLA ONC., a Delaware Corporation. |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Jeremy O'Steen *( Osteen@bsds.com )*

Bridget Gallagher Morgan-Bickerton *( morgan@bsds.com )*

James J. Bickerton *( bickerton@bsds.com )*

The following parties need to be conventionally served:

TESLA, INC.

---

| STATE OF HAWAI'I CIRCUIT COURT OF THE **THIRD** CIRCUIT | RETURN AND ACKNOWLEDGMENT OF SERVICE | |
|---|---|---|

CASE NUMBER

## Civil No. 3CCV-21-0000068

CASE NAME

## JERRY M. HIATT vs. TESLA INC., a Delaware Corporation

**Electronically Filed**
**THIRD CIRCUIT**
**3CCV-21-0000068**
**30-MAR-2021**
**04:53 PM**
**Dkt. 12 RAS**

DOCUMENTS SERVED: <u>First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons</u>
_____
_____
_____
_____

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on   <u>TESLA INC., a Delaware Corporation</u>
(name of party)

on  <u>3.26.21</u>          at  <u>1000</u>          at  _____
    (date)                    (time)

<u>1136 UNION MALL #301 Honolulu</u>          within the State of Hawai'i as follows:
    (address)

❑ PERSONAL:  By delivering to and leaving with _____ , personally.

❑ SUBSTITUTE:  [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

❑ SUBSTITUTE:  [HRCP 4(d) (1) (B)] I served above-named defendant through _____, authorized agent to receive service of process for said defendant.

☒ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On <u>TESLA INC., A DELAWARE</u>
<u>CORPORATION</u>          by serving through   <u>NINA BOURKE</u>
(name of business/corp/entity)
(name of person served)

_____, who is the _____ and authorized agent
(position/title)
of said Business/Corporation/Governmental Entity.

❑ GARNISHMENT:  I served _____ through_____
(name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
(name of person served)

❑ NOT FOUND:  After due and diligent search and inquiry, I am unable to find _____ .
(name of party)

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>__THIRD____ CIRCUIT | RETURN AND ACKNOWLEDGMENT OF SERVICE<br>(Page 2) |
|---|---|

CASE NUMBER

## Civil No. 3CCV-21-0000068

CASE NAME

## JERRY M. HIATT vs. TESLA INC., a Delaware Corporation

Attorney (Name, I.D. No., Address, Phone)
James J. Bickerton 3085-0
Bridget G. Morgan-Bickerton 8705-0
Jeremy O'Steen 10682-0      745 Fort Street, Suite 801 Honolulu, Hawai'i 96813      Phone: (808)599-3811

| Date:<br>3·26·21 | ~~Sheriff/Police Officer~~ (type or print)<br>Nelson Tamayori - Process Server | Signature |
|---|---|---|

| SUBSCRIBED AND SWORN<br>TO BEFORE ME THIS DATE:<br><br>IN _____ , HAWAI'I | NOTARY PUBLIC'S SIGNATURE:<br><br>STATE OF HAWAI'I | MY COMMISSION EXPIRES: |
|---|---|---|

### ACKNOWLEDGMENT OF SERVICE

_Declina_ _____     3·26·21     1000
(signature of person served)            (date)        (time)

NINA BOURKE (AGENT) _____

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
30-MAR-2021
04:53 PM
Dkt. 13 NEF**

An electronic filing was submitted in Case Number 3CCV-21-0000068. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date / Time:** | TUESDAY, MARCH 30, 2021 04:53:33 PM |
| **Filing Parties:** | James Bickerton |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 12-Service-Return/Acknowledgement |
| **Supporting Document(s):** | |
| **Document Name:** | 12-Return and Acknowledgment of Service - First Amended Complaint for Declaratory Relief; Exhibit "A"; Summons - TESLA INC., a Delaware Corporation |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Jeremy O'Steen *( Osteen@bsds.com )*

Bridget Gallagher Morgan-Bickerton *( morgan@bsds.com )*

James J. Bickerton *( bickerton@bsds.com )*

The following parties need to be conventionally served:

TESLA, INC.

---

# NOTICE OF ADDING PARTIES

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
15-APR-2021
03:26 PM
Dkt. 14 NAP**

The Parties on Case Number 3CCV-21-0000068 have been updated. A Notice of Adding Parties was entered on the case, which may be reviewed through the Judiciary Electronic Filing System. Please monitor your email for future notices.

|  |  |
|---:|:---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date/Time:** | Thursday, April 15, 2021 03:26 PM |
| **Change Performed By:** | Kenneth Fukunaga |

Disclaimer: Under Rule 10.4 of the Hawaiʻi Court Records Rules, unless authorized by a court, an attorney or any person or entity shall not use the JIMS/JEFS database to gain access to confidential information under seal or documents in cases in which the attorney or any person or entity is not a party or an attorney of record. Improper use of JIMS/JEFS to gain access to confidential records, documents, or records filed under seal or in-camera may subject the user to sanctions. Publicly available documents can be purchased through the court or eCourt Kokua.

---

This notification is being electronically mailed to:

Sheree Aiko Kon-Herrera ( skh@fmhc-law.com )

Kenneth K. Fukunaga ( kkf@fmhc-law.com )

Jeremy O'Steen ( Osteen@bsds.com )

Bridget Gallagher Morgan-Bickerton ( morgan@bsds.com )

James J. Bickerton ( bickerton@bsds.com )

Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

KENNETH K. FUKUNAGA          1304
SHEREE KON-HERRERA           6927
Davies Pacific Center, Suite 1200
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 533-4300
kkf@fmhc-law.com; skh@fmhc-law.com

Attorneys for Defendant
TESLA, INC.

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
15-APR-2021
03:31 PM
Dkt. 15 ANCMP**

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| JERRY M. HIATT<br><br>          Plaintiff,<br><br>     vs.<br><br>TESLA, INC., a Delaware Corporation,<br><br>          Defendant. | CIVIL NO. 3CCV-21-0000068<br>(Other Civil Action)<br><br>DEFENDANT TESLA, INC.'S ANSWER<br>TO FIRST AMENDED COMPLAINT<br>FOR DECLARATORY RELIEF;<br>CERTIFICATE OF SERVICE |

DEFENDANT TESLA, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

        Defendant TESLA, INC. ("Defendant" or "Tesla"), by and through its attorneys

Fukunaga Matayoshi Ching & Kon-Herrera, LLP, in response to the Plaintiff JERRY M. HIATT

("Plaintiff" or "Hiatt")'s First Amended Complaint for Declaratory Relief filed on March 19,

2021 ("Complaint"), hereby alleges and avers as follows.

FIRST DEFENSE

        1.      The Complaint fails to state a claim against Tesla upon which relief can be

granted.

SECOND DEFENSE

2.      Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same and leaves Plaintiff to his proof.

3.      In answer to paragraph 2 of the Complaint, Tesla admits that it is a Delaware corporation but denies the remaining allegations of paragraph 2.

4.      In answer to paragraphs 3, 4, and 5 of the Complaint, Tesla denies the validity of any statutory and common law claims by Plaintiff against Tesla and states that the remainder of said paragraphs do not contain any factual allegations to which an admission or denial is required.  If an answer is required, Tesla denies the allegations of paragraphs 3, 4, and 5.

5.      In answer to paragraph 6 of the Complaint, Tesla states that Plaintiff's description of the nature of the underlying dispute does not contain any factual allegations to which an admission or denial is required.  To the extent an answer is required, Tesla denies the allegations in Plaintiff's Exhibit "A", which fails to state a claim against Tesla upon which relief can be granted.  Exhibit "A" is not a pleading because it does not conform to Hawai'i Rules of Civil Procedure Rules 8 and 11.

6.      In answer to paragraphs 7 and 8 of the Complaint, Tesla states that the arbitration provisions speak for themselves and denies Plaintiff's characterization of them.  Tesla is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs and therefore denies the same and leaves Plaintiff to his proof.

7.      Tesla denies the allegations in paragraph 9 of the Complaint.

8.      Tesla denies the allegations in paragraph 10 of the Complaint.

2

9.    The allegations in paragraphs 11, 11a, 11b, 11c, 11d, 11e, 11f, 11g, 11h, 11i, and 11j of the Complaint contain legal conclusions or arguments that require no answer, and Tesla denies Plaintiff's characterization of them.

10.    Tesla denies the allegations in paragraphs 12, 13, 14, 15 and 16 of the Complaint.

11.    Tesla denies any allegations not specifically answered herein above.

THIRD DEFENSE

12.    This action, or claims being asserted herein, are barred by lack of subject matter jurisdiction.

FOURTH DEFENSE

13.    This action, or claims being asserted herein, are barred by lack of personal jurisdiction as to Tesla in this matter.

FIFTH DEFENSE

14.    Plaintiff lacks standing to assert this action or the claims being asserted herein.

SIXTH DEFENSE

15.    Tesla asserts that venue is not proper.

SEVENTH DEFENSE

16.    Tesla gives notice that it intends to rely on the defenses of the applicable statute of limitations, laches, and/or acquiescence.

EIGHTH DEFENSE

17.    The process and/or service of process herein upon Defendant was insufficient.

NINTH DEFENSE

18.    Tesla gives notice that it intends to rely on the defense of ripeness.

3

TENTH DEFENSE

19.     Plaintiff has failed to join necessary or permissive parties.

ELEVENTH DEFENSE

20.     Plaintiff's claims are barred or limited by the contributory or comparative negligence or fault of his own actions or inactions.

TWELFTH DEFENSE

21.     Plaintiff's claims may be barred, reduced, and/or otherwise limited by the assumption of risk on the part of Plaintiff.

THIRTEENTH DEFENSE

22.     Tesla is not liable for Plaintiff's injuries, if any, to the extent they were caused by the fault of another party outside of Tesla's control or responsibility, including but not limited to Plaintiff himself, or anyone else involved that Tesla may not be aware of at this time.

FOURTEENTH DEFENSE

23.     The design and manufacture of the subject vehicle at issue conformed with state of the art in the industry at the time of design and manufacture and were consistent with then-existing industry customs, standards, practices, law and regulations.

FIFTEENTH DEFENSE

24.     Plaintiff's claims may be barred in whole or in part by unforeseeable and/or unreasonable negligent misuse, abuse, alteration, and/or modification of the subject vehicle by someone other than Defendant Tesla.

SIXTEENTH DEFENSE

25.     Plaintiff's claim is barred by intervening or superseding act(s) that are

4

unforeseeable as a matter law and break the chain of causation.

SEVENTEENTH DEFENSE

26.     Tesla's design and manufacture of vehicles conformed to state of the art in the industry at the time of design and manufacture and were consistent with then-existing industry customs, standards and practices.

EIGHTEENTH DEFENSE

27.     Plaintiff's Claim may be barred in whole or in part by unforeseeable and/or unreasonable negligent misuse, abuse, alteration, and/or modification of the product and/or failure to maintain the product at issue in this case.

NINETHEENTH DEFENSE

28.     Any alleged fault by Tesla was not a proximate cause or substantial factor in causing damages alleged by Plaintiff.

TWENTIETH DEFENSE

29.     Plaintiff's Claim may be barred by waiver, estoppel, and/or unclean hands.

TWENTY-FIRST DEFENSE

30.     To the extent Plaintiff failed to mitigate, minimize or avoid any damage already sustained, any resulting recovery must be reduced by the amount attributable to such failure.

TWENTY-SECOND DEFENSE

31.     To the extent Plaintiff seeks to impose tort liability for Tesla's marketing activities, such claim may be barred, in whole or in part, because such activities constitute protected speech under the First Amendment to the United States Constitution.

TWENTY-THIRD DEFENSE

32.     Any damages sustained by Plaintiff were caused by an act of God or by natural and unavoidable causes or accidents beyond the control of Tesla.

TWENTY-FOURTH DEFENSE

33.     To the extent Plaintiff breached or failed to comply with the terms and conditions of any applicable agreement, Plaintiff is barred from or limited in recovery.

TWENTY-FIFTH DEFENSE

34.     Plaintiff's claimed damages were not reasonably foreseeable and therefore Tesla cannot be held liable for those damages.

TWENTY-SIXTH DEFENSE

35.     Plaintiff has failed to exhaust his administrative remedies pursuant to Hawai'i Revised Statutes § 481I and other applicable State and Federal law.

TWENTY-SEVENTH DEFENSE

36.     Plaintiff has failed to allege performance of all conditions precedent to filing his lawsuit, specifically Plaintiff has failed to show that he has complied with his contract of purchase and the terms of his contract; Plaintiff has failed to show that he timely made a demand for arbitration; and Plaintiff has failed to allege that he satisfied all conditions precedent to proceeding under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*

TWENTY-EIGHTH DEFENSE

37.     Tesla denies breaching any implied or express warranty.

TWENTY-NINTH DEFENSE

38.     Plaintiff's Claim is subject to one or more arbitration agreements such that this

6

matter should be properly brought before a qualified arbitrator rather than in this Court.

<u>THIRTIETH DEFENSE</u>

39.    Tesla reserves the right to rely on any and all other affirmative defenses the applicability of which may be determined after further investigation and discovery.

WHEREFORE, Defendant TESLA, INC. prays for relief as follows:

A.    Plaintiff take nothing by the First Amended Complaint;

B.    For judgment and/or declaratory relief in favor of Tesla, Inc.;

C.    For an award of fees and costs incurred by Tesla, Inc. in this action; and

D.    For such other and further relief as the Court deems proper.

DATED:  Honolulu, Hawaii, April 15, 2021.


      /s/   Kenneth K. Fukunaga
KENNETH K. FUKUNAGA
SHEREE KON-HERRERA
 Attorneys for Defendant
TESLA, INC.

7

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| JERRY M. HIATT<br><br>               Plaintiff,<br><br>    vs.<br><br>TESLA, INC., a Delaware Corporation,<br><br>               Defendant. | CIVIL NO. 3CCV-21-000068<br>(Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

## **CERTIFIDATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly

served on the following parties electronically through the *Judiciary Electronic Filing System*

on  April 15 , 2021  , at their last known email addresses as set forth below.


JAMES J. BICKERTON                    bickerton@bsds.com
BRIDGET G. MORGAN-BICKERTON          morgan@bsds.com
JEREMY K. O'STEEN                     osteen@bsds.com
Bickerton Law Group
745 Fort Street, Sutie 801
Honolulu, Hawaii  96813

Attorney for PLAINTIFF


        DATED:  Honolulu, Hawaii, April 15, 2021.


                    /s/   Kenneth K. Fukunaga
                    KENNETH K. FUKUNAGA
                    SHEREE KON-HERRERA
                    Attorneys for Defendant
                    TESLA, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
15-APR-2021
03:31 PM
Dkt. 16 NEF**

An electronic filing was submitted in Case Number 3CCV-21-0000068. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date / Time:** | THURSDAY, APRIL 15, 2021 03:31:02 PM |
| **Filing Parties:** | Kenneth Fukunaga |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 15-ANSWER TO COMPLAINT |
| **Document Name:** | 15-Defendant Tesla, Inc.'s Answer to First Amended Complaint for Declaratory Relief; Certificate of Service |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Sheree Aiko Kon-Herrera ( *skh@fmhc-law.com* )

Kenneth K. Fukunaga ( *kkf@fmhc-law.com* )

Jeremy O'Steen ( *Osteen@bsds.com* )

Bridget Gallagher Morgan-Bickerton ( *morgan@bsds.com* )

James J. Bickerton ( *bickerton@bsds.com* )

---

# NOTICE OF ADDING PARTIES

**Electronically Filed
THIRD CIRCUIT
3CCV-21-0000068
16-APR-2021
08:58 AM
Dkt. 17 NAP**

The Parties on Case Number 3CCV-21-0000068 have been updated. A Notice of Adding Parties was entered on the case, which may be reviewed through the Judiciary Electronic Filing System. Please monitor your email for future notices.

| | |
|---:|:---|
| **Case ID:** | 3CCV-21-0000068 |
| **Title:** | JERRY M. HIATT VS. TESLA, INC., a Delaware Corporation |
| **Filing Date/Time:** | Friday, April 16, 2021 08:58 AM |
| **Change Performed By:** | Gurudev Allin |

Disclaimer: Under Rule 10.4 of the Hawai`i Court Records Rules, unless authorized by a court, an attorney or any person or entity shall not use the JIMS/JEFS database to gain access to confidential information under seal or documents in cases in which the attorney or any person or entity is not a party or an attorney of record. Improper use of JIMS/JEFS to gain access to confidential records, documents, or records filed under seal or in-camera may subject the user to sanctions. Publicly available documents can be purchased through the court or eCourt Kokua.

---

This notification is being electronically mailed to:

Gurudev Das Allin ( gda@fmhc-law.com )

Sheree Aiko Kon-Herrera ( skh@fmhc-law.com )

Kenneth K. Fukunaga ( kkf@fmhc-law.com )

Jeremy O'Steen ( Osteen@bsds.com )

Bridget Gallagher Morgan-Bickerton ( morgan@bsds.com )

James J. Bickerton ( bickerton@bsds.com )