UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JERRY M. HIATT,<br><br>            Plaintiff,<br><br>    vs.<br><br>TESLA INC.,<br><br>            Defendant. | CIV. NO. 21-00198 LEK-KJM |

### ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF REMAND

Plaintiff Jerry M. Hiatt ("Hiatt") seeks the remand of this declaratory judgment action, which addresses whether he is required to arbitrate his disputes with Defendant Tesla Inc. ("Tesla" or "Defendant"). [Motion for Order of Remand ("Motion"), filed 5/18/21 (dkt. no. 14).] Hiatt's Motion came on for hearing on July 2, 2021, and an entering order was issued on August 26, 2021 informing the parties of the Court's ruling on the Motion. [Dkt. no. 29.] This Order supersedes that entering order. Hiatt's Motion is hereby denied because diversity jurisdiction exists in this case.

### BACKGROUND

Hiatt filed his Complaint for Declaratory Relief ("Complaint") on March 12, 2021 in the State of Hawai`i, Third Circuit Court ("state court"). [Def.'s Notice of Removal, filed 4/22/21 (dkt. no. 1), Decl. of Kenneth K. Fukunaga ("Fukunaga

Removal Decl."), Exh. A (copy of all pleadings filed in the state court action) at PageID #: 21-46 (Complaint).] Hiatt filed his First Amended Complaint for Declaratory Relief ("Amended Complaint") on March 19, 2021. [Id. at PageID #: 54-80 (Amended Complaint).]

According to the factual allegations in the Amended Complaint, Hiatt purchased a 2019 Tesla Model 3 vehicle, which was delivered to him in Kailua-Kona, Hawai`i ("the Vehicle"), and Hiatt intends to assert statutory and common law claims against Defendant arising from alleged defects in the condition of the Vehicle. [Amended Complaint at ¶¶ 3, 7, 13.] A description of Hiatt's intended claims is contained in the draft demand for arbitration that Hiatt states he intends to submit if he is required to arbitrate his claims. [Id. at ¶ 6; Amended Complaint, Exh. A (Claimant Jerry M. Hiatt's Statement of Claim ("Draft Demand")).] In the Draft Demand, Hiatt states he is bringing claims on behalf of himself and on behalf of a class of similarly situated purchasers of Tesla Model 3 vehicles in the United States from approximately July 2017 to the present, as well as on behalf of a subclass of persons who purchased such vehicles in the State of Hawai`i during that period. [Amended Complaint, Exh. A (Draft Demand) at ¶¶ 14-15, 26.] The Draft Demand also argues the Tesla Model 3 violates Hawai`i law by

is a contract of adhesion; it is ambiguous as to issues such as warranty, the pursuit of claims in small claims court, and the right to reject the arbitration provision; special, consequential, punitive, and treble damages, as well as an award of attorney's fees are not available in the arbitration, even when they would be permitted under Hawai`i law; recovery is limited to the price paid for the vehicle; the opt-out period is arbitrarily limited to thirty days after the signing of the TAP, and the signing date cannot be determined readily; a class action cannot be brought under the TAP; and the TAP is void under Haw. Rev. Stat. § 480-12 because it is unfair within the meaning of Haw. Rev. Stat. § 480-2. [Amended Complaint at ¶¶ 11.a-i.] Hiatt also argues that, because the TAP prevents him from joining his claims with the claims of other persons, the TAP violates his rights under the Hawai`i State Constitution to free association and peaceable assembly, as well as his right to petition the government for the redress of grievances. [Id. at ¶ 11.j.] Hiatt asserts the unconscionable terms are so pervasive that they cannot be severed, and thus the entire TAP is unenforceable. [Id. at ¶ 12.]

Hiatt next alleges the TAP is invalid and unenforceable because it "was procured by fraud and/or misrepresentation." [Id. at ¶ 13.] According to Hiatt, Tesla knew about the serious defects in the Vehicle when the Vehicle

4

was sold to him, but Tesla failed to disclose the defects. [Id.]

By its terms, the TAP does not apply to class claims, and Hiatt seeks a ruling whether the TAP merely excludes class claims from arbitration or it attempts to prevent a claimant from bringing class claims in any forum. Hiatt argues any ambiguity in the TAP should be construed against Defendant and in favor of allowing him to pursue class claims in a court of law. [Id. at ¶ 14.] He seeks a ruling "that such claims 'must' be pursued in court." [Id. at ¶ 15.]

Hiatt argues the value of his right to bring his claims in a court of law, instead of in an arbitration proceeding, and the value of his right to bring claims on behalf of a class, instead of merely on his own behalf, is greater than the jurisdictional minimum required to bring this action in a state circuit court, but less than the jurisdiction minimum required to bring this action in federal court. [Id. at ¶ 16.] According to Hiatt, these rights, "which relate[] solely to the forum and the type of claims that may be asserted, [are] not directly correlative with the value of the claims themselves." [Id.]

Defendant filed its answer to the Amended Complaint on April 15, 2021, in the state court. [Fukunaga Removal Decl., Exh. A at PageID #: 92-99.] Defendant removed this action

5

pursuant to the Class Action Fairness Act ("CAFA"). [Notice of Removal at ¶ 7 (citing 28 U.S.C. § 1332(d)).] Defendant argued the proposed class has at least 100 members because Hiatt alleges Tesla manufactured and sold approximately half a million Model 3 vehicles, although some of the vehicles were made in China and those vehicles may have been sold outside of the United States. Defendant represented that the vehicles are largely manufactured in the United States. [Id. at ¶ 8 & n.2 (citing Draft Demand at ¶ 16).] Defendant argued CAFA's minimal diversity requirement is met because Hiatt alleges he is a resident and citizen of Hawai`i, and Tesla is a Delaware corporation with its principal place of business in California. [Id. at ¶¶ 11-12 (some citations omitted) (citing Amended Complaint at ¶ 1; Fukunaga Removal Decl., Exh. B (Tesla's Form 8-K Filing with the U.S. Securities Exchange Commission)).]

    Defendant argued the aggregate amount of damages that Hiatt seeks on behalf of the proposed class exceeds the $5 million CAFA amount-in-controversy requirement. [Id. at ¶¶ 14-19.] Hiatt seeks to recover the purchase price of the Vehicle, which he alleges was $52,600, and he seeks treble damages, which would be $157,800. [Id. at ¶¶ 16-17 (citing Amended Complaint, Exh. A (Draft Demand) at ¶¶ 18, 97, 103 and pg. 15).] Defendant argues that, based on Hiatt's position that his damages are representative of the proposed class members'

6

damages, the CAFA amount in controversy requirement is met. [Id. at ¶¶ 18-19.]

In the alternative, Defendant argued removal was proper based on diversity jurisdiction, even if Hiatt's class allegations are not considered. Hiatt and Defendant are diverse and, based on the allegations in the Draft Demand, the amount in controversy exceeds $75,000. [Id. at ¶¶ 23-32.] In addition, Defendant argues federal question jurisdiction exists because the Draft Demand asserts a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* [Id. at ¶¶ 33-35] Even if this Court only considers whether federal jurisdiction exists over the claim for declaratory relief, pursuant to 9 U.S.C. § 4, Defendant argues jurisdiction exists because the underlying disputes described in the Draft Demand would be subject to CAFA jurisdiction, diversity jurisdiction, and federal question jurisdiction. [Id. at ¶¶ 36-37.]

In the instant Motion, Hiatt argues remand is necessary because this case is neither a class action, a suit for damages that exceeds the jurisdictional amount, an action to compel arbitration, nor an action raising a federal question. [Mem. in Supp. of Motion at 3.]

**STANDARD**

The general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal

7

jurisdiction." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted).

> If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." Geographic Expeditions, 599 F.3d at 1107 (citation omitted).

Id. at 1057. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## DISCUSSION

Whether the instant matter remains in federal court or is remanded to state court turns upon whether diversity jurisdiction exists. Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists over a civil action between citizens of different states where the amount in controversy is more than $75,000, excluding interest and costs. It is undisputed that Hiatt and Defendant are citizens of different states. See

8

Amended Complaint at ¶ 1; Notice of Removal at ¶ 12. The issue to be addressed is whether the amount-in-controversy requirement is met.

Because Hiatt seeks declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." See Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977) (citations omitted), *superseded by statute on other grounds*, as stated in United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc., 517 U.S. 544 (1996). Further, in determining whether this Court has jurisdiction over Hiatt's declaratory judgment action, this Court may "look to the character of the threatened action." See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC, 571 U.S. 191, 197 (2014) (citation and internal quotation marks omitted). Thus, this Court may consider both Hiatt's threatened claims, which are described in the Draft Demand, and whether Tesla could have brought a coercive action against Hiatt over which federal subject matter jurisdiction would exist. Cf. id. (stating that looking at the character of the threatened action involves "ask[ing] whether a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question" (citation and internal quotation marks omitted)).

First, the Court notes that Tesla could have brought a coercive action against Hiatt, pursuant to the Federal

9

Arbitration Act ("FAA"), to compel him to arbitrate his claims against it. See 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."). Because Hiatt filed the instant case seeking a ruling that he is not required to arbitrate all, or a portion of, his claims, Tesla could have argued that it has been aggrieved by his failure, neglect or refusal to arbitrate, pursuant to the TAP.

The FAA "creates federal substantive law requiring the parties to honor arbitration agreements, [but] it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise." Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984) (citation omitted). If Tesla had filed an FAA action against Hiatt to compel arbitration, the parties would be diverse. As to the amount in controversy requirement, the legal certainty standard would apply. See Geographic Expeditions, 599 F.3d at 1107 ("hold[ing] that the legal certainty standard applies when a party files a petition in federal court to compel arbitration"). Under the legal

10

certainty standard, where a party has asserted federal jurisdiction exists in the case, "a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" Id. at 1106 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).[1]

Hiatt states that he purchased the Vehicle for $52,600. See Amended Complaint, Exh. A (Draft Demand) at ¶ 18. He also alleges that the TAP limits a purchaser's remedy to the recovery of the purchase price and does not allow the purchaser to recover, special, consequential, punitive, or treble damages. See id. at ¶¶ 4, 7.d-e. He specifically alleges that he is entitled to punitive damages and treble damages. See, e.g., id. at ¶¶ 50, 97, 103. Based on these allegations, Hiatt's position appears to be that he is entitled to special and consequential damages of more than $52,600. If his request for treble damages alone is considered, three times his request for damages of $52,600 would be $157,800. If Tesla had filed an FAA petition to compel arbitration containing this information about Hiatt's intended claims against it, Tesla's petition would satisfy the amount in controversy requirement, under the legal certainty

---

[1] St. Paul has been superseded by statute on other grounds. See, e.g., Rancho Horizon, LLC v. Danielyan, No. CV 13-9365 FMO (JCx), 2014 WL 309592, at *2 (C.D. Cal. Jan. 28, 2014).

11

standard.  Diversity jurisdiction would therefore exist if Tesla brought an FAA action to compel arbitration.

Even if Tesla could not have filed an FAA action to compel arbitration because Hiatt's filing of the instant case did not constitute a failure, neglect, or refusal to arbitrate, this Court would "look through" Hiatt's Amended Complaint to the actual controversy between Hiatt and Tesla.  In the context of an action brought pursuant to the FAA, the United States Supreme Court has stated:

> A federal court may "look through" a § 4 petition to determine whether it is predicated on an action that "arises under" federal law; in keeping with the well-pleaded complaint rule as amplified in Holmes Group[, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826 (2002),[2]] however, a federal court may not entertain a § 4 petition based on the contents, actual or hypothetical, of a counterclaim.

Vaden v. Discover Bank, 556 U.S. 49, 62 (2009), *superseded by statute on other grounds, as stated in* Vermont v. MPHJ Tech. Invs., LLC, 803 F.3d 635, 643 (Fed. Cir. 2015).  A federal court applies the "look through" approach by "consider[ing] whether the court 'would have [federal-question] jurisdiction' over 'a suit arising out of the controversy' between" the parties.  Id. at 66 (some alterations in Vaden) (quoting 9 U.S.C. § 4).

---

[2] Holmes Group has been superseded in part by statute on other grounds.  See, e.g., Xitronix Corp. v. KLA-Tencor Corp., 882 F.3d 1075, 1076 (Fed. Cir. 2018).

The actual controversy between Hiatt and Tesla is described in the Draft Demand.  This Court rejects Hiatt's position that the "look through" approach does not apply in this case because there is currently no pending arbitration proceeding and, at the time he filed this action, no arbitration demand had been made.  The dispute between Hiatt and Tesla is sufficiently definite to support the application of the "look through" approach.  Cf. Amtax Holdings 463, LLC v. KDF Cmtys.-Hallmark, LLC, Case No. 8:17-cv-01899-JLS-AS, 2018 WL 4743386, at *3 (C.D. Cal. Jan. 9, 2018) (noting that other circuits and some district courts within the Ninth Circuit "have specifically held that the amount in controversy in a plaintiff's declaratory judgment claim seeking a determination of whether the plaintiff must submit to arbitration is determined by the amount at issue in the arbitration," and this principle is consistent with the Ninth Circuit's prior holding that, "when a petition to confirm an arbitration award is involved, 'the amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction'" (quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005))).  The parties' dispute, as described in Draft Demand, is a dispute over which this Court has diversity jurisdiction.

Whether the coercive action that Tesla could have filed against Hiatt is considered or the look through approach

is applied, diversity jurisdiction exists.  Removal was therefore proper, and it is not necessary to address whether CAFA jurisdiction exists or whether the Magnuson-Moss Warranty Act claim described in the Draft Demand creates federal question jurisdiction.

## CONCLUSION

For the foregoing reasons, Hiatt's Motion for Order of Remand, filed May 18, 2021, is HEREBY DENIED.

The hearing on Defendant's Motion to Compel Arbitration and Stay Action, [filed 7/1/21 (dkt. no. 21),] will proceed as scheduled on October 22, 2021, and the briefing schedule issued on September 2, 2021 remains in effect, [dkt. no. 30].  If Hiatt files a motion for reconsideration of the instant Order, it will not affect the briefing schedule or the hearing date for Defendant's motion.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 22, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JERRY M. HIATT V. TESLA INC.; CV 21-00198 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF REMAND**