UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JERRY M. HIATT,<br><br>            Plaintiff,<br><br>    vs.<br><br>TESLA INC.,<br><br>            Defendant. | CIV. NO. 21-00198 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
<u>MOTION TO COMPEL ARBITRATION AND STAY ACTION</u>**

Before the Court is Defendant Tesla Inc.'s ("Tesla" or "Defendant") Motion to Compel Arbitration and Stay Action ("Motion"), filed on July 1, 2021. [Dkt. no. 21.] The Motion came on for hearing on October 22, 2021. On November 15, 2021, an entering order was issued informing the parties of the Court's ruling on the portion of the Motion seeking to compel arbitration. [Dkt. no. 41.] The instant order supersedes that entering order. Defendant's Motion is hereby granted in part and denied in part for the reasons set forth below. Specifically, the Motion is denied as moot as to Defendant's request for an order compelling Plaintiff Jerry M. Hiatt ("Hiatt" or "Plaintiff") to arbitrate his individual claims; the Motion is granted as to Defendant's request for a ruling that the gateway issues regarding class claims cannot be arbitrated; and the Motion is granted in part and denied in part as to

Defendant's request to stay this action pending the outcome of the arbitration.

**BACKGROUND**

The factual background of this case is set forth in the September 22, 2021 Order Denying Plaintiff's Motion for Order of Remand ("9/22/21 Order"). [Dkt. no. 32.[1]] In sum, Hiatt is attempting to pursue individual claims against Tesla related to alleged defects in the 2019 Tesla Model 3 vehicle that he purchased ("the Vehicle"), as well as similar claims on behalf of a proposed national class and a proposed Hawai`i subclass of other purchasers of the Tesla Model 3 ("the Proposed Class" and "the Proposed Hawai`i Subclass"). Hiatt filed the instant action seeking a ruling whether the relevant arbitration language in Tesla's form vehicle purchase agreement[2] merely excludes class claims from arbitration or it attempts to prevent

---

[1] The 9/22/21 Order is also available at 2021 WL 4313083. The 9/22/21 Order addressed Hiatt's Motion for Order of Remand ("Motion to Remand"), which was filed May 18, 2021. [Dkt. no. 14.]

[2] Hiatt refers to the relevant language as "the Tesla arbitration provision" or "TAP." See 9/22/21 Order, 2021 WL 4313083, at *1 (citing Def.'s Notice of Removal, filed 4/22/21 (dkt. no. 1), Decl. of Kenneth K. Fukunaga ("Fukunaga Removal Decl."), Exh. A (copy of all pleadings filed in the state court action) at PageID #: 54-80 (First Amended Complaint for Declaratory Relief, filed 3/19/21 ("Amended Complaint")) at ¶¶ 7-8).]

2

a claimant from bringing class claims in any forum.  9/22/21 Order, 2021 WL 4313083, at *1-2.

Defendant filed the instant Motion while Hiatt's Motion to Remand was pending, but this Court declined to consider the Motion until the Motion to Remand was resolved. [Minute Order - EO: Court Order Regarding Defendant's Motion to Compel Arbitration and Stay Action, filed 7/14/21 (dkt. no. 25).]  After this Court denied the Motion to Remand, Hiatt's counsel sent: a letter, dated September 24, 2021, to Tesla demanding arbitration ("Arbitration Demand"); a letter to the American Arbitration Association ("AAA") with a copy of the Arbitration Demand; and a letter to Defendant's counsel notifying them that he commenced arbitration proceedings.  [Mem. in Opp., filed 10/1/21 (dkt. no. 33), Decl. of James J. Bickerton ("Bickerton Decl."), Exh. A (Arbitration Demand), Exh. B, Exh. C.]  The Arbitration Demand asserts the following claims on behalf of Hiatt, individually, and on behalf of the Proposed Class: strict product liability ("Count I"); negligence ("Count II"); breach of express warranties ("Count III"); breach of the implied warranty of merchantability ("Count IV"); breach of the implied warranty of fitness for a particular purpose ("Count V"); intentional and/or negligent misrepresentation ("Count VI"); and an unfair trade practices claim under the applicable state law ("Count VII").  Hiatt also asserts two

claims on behalf of himself and the Proposed Hawai`i Subclass: an unfair and deceptive acts or practices ("UDAP") claim under Haw. Rev. Stat. Chapter 480 ("Count VIII"); and a claim under Haw. Rev. Stat. Chapter 481I, which is known as the Hawai`i Lemon Law ("Count IX").  [Bickerton Decl., Exh. A at PageID #: 531-35.]

In the instant Motion, Defendant argues Hiatt "should be compelled to arbitrate all claims against Tesla on an individual basis, and this action should be stayed pending the completion of arbitration."  [Mem. in Supp. of Motion at 2.]

**STANDARD**

**I.     Compelling Arbitration**

The Federal Arbitration Act ("FAA") states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may" file a petition to compel arbitration in the district court that would have jurisdiction

4

over the substance of the dispute, if there had not been an arbitration agreement. 9 U.S.C. § 4. This district court has stated:

> "The FAA 'mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)).
>
> Normally, "in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002)).
>
> To determine whether a valid agreement to arbitrate exists under the FAA, a court applies "ordinary state-law principles that govern the formation of contracts." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). "[A]greements to arbitrate [may] be invalidated by generally applicable [state-law] contract defenses" to enforceability such as "fraud, duress, or unconscionability." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2001) (citations and quotation marks omitted); see Lowden v. T-Mobile USA, Inc., 512 F.3d 1213, 1217 (9th Cir. 2008) ("This requires [a court] to consider what is unconscionable and unenforceable under . . . state law.").
>
> "The party seeking to compel arbitration carries the initial burden of establishing that an arbitration agreement exists," and if met, the burden then "shifts to the opposing party to present evidence on its defenses to the arbitration agreement." Siopes v. Kaiser Found. Health Plan, Inc., 130 Haw. 437, 446, 312 P.3d

5

>869, 878 (2013) (citations and quotation marks omitted).

Loftus v. H&R Block, CIV. NO. 20-00568 JMS-KJM, 2021 WL 4437491, at *1-2 (D. Hawai`i Sept. 27, 2021) (alterations in Loftus) (footnote omitted).

## II. Stay Pending Arbitration

>9 U.S.C. § 3 states:
>
>>If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This district court has stated that a stay of a civil action pending the outcome of the arbitration

>>is not mandatory if the entire action (as opposed to only some of the claims) is subject to arbitration. See, e.g., Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1073-74 (9th Cir. 2014) ("[N]otwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration."); Thinket Ink Info. Res. Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (indicating that a stay is not mandatory and the court may alternatively dismiss those claims that are subject to arbitration); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports

6

>   dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988)).

Loftus, 2021 WL 4437491, at *3 (alterations in Loftus).

## DISCUSSION

## I. Individual Claims

Hiatt acknowledges that the purchase agreement he entered into when he bought the Vehicle contains an arbitration provision, although he contends the provision is, or at least certain portions of it are, unenforceable. See Bickerton Decl., Exh. A (Arbitration Demand) at PageID #: 520. The arbitration provision states, in pertinent part:

>   **Agreement to Arbitrate**. Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").
>
>   If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com.
>
>   If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.
>
>   We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence. To learn more about the Rules and how

7

> to begin an arbitration, you may call any AAA office or go to www.adr.org.
>
> The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties.  The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles.  In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action.  If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.
>
> If you prefer, you may instead take an individual dispute to small claims court.
>
> You may opt out of arbitration within 30 days after signing this Agreement by sending a letter . . . .  If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

[Motion, Decl. of Ashlee Roane in Supp. of Def. Tesla, Inc.'s Motion to Compel Arbitration and Stay Action ("Roane Decl."), Exh. 4 (Tesla Motor Vehicle Purchase Agreement for Hiatt, accepted on 1/23/19 ("MVPA")) at PageID #: 270 (emphases in original).[3]]

---

[3] Ashlee Roane is a Tesla Security Intelligence Technical Investigator, and her position duties include assisting Tesla's legal department with the investigation of cases.  [Roane Decl. at ¶ 1.]

8

The required elements for a valid arbitration agreement under Hawai`i law are clearly present in this case as to Hiatt's individual claims related to the Vehicle: 1) there is a written agreement between Hiatt and Tesla; 2) the agreement unambiguously shows that the parties intended that any individual claims which arose would be submitted to arbitration; and 3) there was bilateral consideration, *i.e.*, Hiatt paid the purchase price in exchange for the Vehicle. See Loftus, 2021 WL 4437491, at *2 (stating the required elements under Hawai`i law (citing Douglass v. Pflueger Haw., Inc., 110 Haw. 520, 531, 135 P.3d 129, 140 (2006))).

Even where there is a valid arbitration agreement, potentially dispositive gateway issues - such as whether a certain type of controversy falls within the scope of the arbitration agreement - are presumptively for a court to decide. In contrast, procedural gateway issues - such as whether the claim was brought within the statute of limitations - are presumptively for an arbitrator to decide. Shivkov v. Artex Risk Sols., Inc., 974 F.3d 1051, 1065 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2856 (2021). Thus, a district court "maintains jurisdiction over these gateway arbitrability questions unless there is 'clear and unmistakable evidence that the parties intended to delegate the arbitrability question to an arbitrator.'" Galilea, LLC v. AGCS Marine Ins. Co., 879 F.3d

9

1052, 1061 (9th Cir. 2018) (some internal quotation marks omitted) (quoting Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015)).

The Court takes judicial notice of the fact that Hiatt has extensive experience as an attorney, a mediator, and an arbitrator.  See Fed. R. Evid. 201(b), (c)(1).  Because both Hiatt and Tesla are sophisticated parties, the MVPA's incorporation of the AAA's Consumer Arbitration Rules constitutes "clear and unmistakable evidence" that they intended to delegate potentially dispositive gateway issues regarding Hiatt's individual claims to the arbitrator.  See Galilea, 879 F.3d at 1061.

This Court concludes that all issues related to Hiatt's individual claims, including potentially dispositive gateway issues regarding arbitrability, must be arbitrated.  However, because Hiatt has already submitted these claims and issues for arbitration through the AAA, an order compelling him to do so is no longer necessary.  The Motion is therefore denied as moot, to the extent that Defendant seeks an order compelling Hiatt to arbitrate issues related to his individual claims.

**II.  Class Claims**

Whether class arbitration is available is a potentially dispositive gateway issue that is presumptively for a court to decide.  Shivkov, 974 F.3d at 1068.  Unlike the

10

dispositive gateway issues related to Hiatt's individual claims, there is no "clear and unmistakable evidence" that the parties intended to delegate dispositive gateway issues regarding class claims to the arbitrator.  In fact, the opposite is true.  See, e.g., Roane Decl., Exh. 4 (MVPA) at PageID #: 270 ("**The arbitrator cannot hear class or representative claims** or requests for relief on behalf of others purchasing or leasing Tesla vehicles." (emphasis added)).  Thus, the potentially dispositive gateway issues regarding class claims – including, but not limited to, whether Hiatt may bring class claims at all and in what forum he may pursue any possible class claims – are for this Court to decide.  Defendant's Motion is granted, to the extent that the Motion seeks a ruling that potentially dispositive gateway issues regarding Hiatt's intended class claims cannot be arbitrated.

### III. Request for a Stay

Hiatt initially argued Defendant is not entitled to a stay of this action under § 3 because it was in default in the arbitration proceedings.  [Mem. in Opp. at 26.]  Hiatt has since withdrawn that argument.  See Plaintiff's suppl. filing regarding the Motion, filed 11/29/21 (dkt. no. 44), at 2.  The only other argument Hiatt presents is that a stay is unnecessary because, even if this Court rules that he may pursue class claims, he could not pursue the substantive claims in this

11

action and would have to file a separate action.  Hiatt's argument is misplaced because the FAA's stay provision is not limited only to **claims** which are subject to arbitration.  See 9 U.S.C. § 3 ("If **any suit or proceeding** be brought in any of the courts of the United States upon **any issue** referable to arbitration under an agreement in writing for such arbitration . . . ." (emphases added)).  As noted above, some of the issues presented in this civil action are required to be arbitrated, pursuant to the terms of Hiatt's and Tesla's written agreement.  Tesla has applied for a stay, and Hiatt now concedes that Tesla is not in default in arbitration proceedings.  Section 3 therefore requires this Court to stay any trial in the instant case until the completion of the parties' arbitration proceedings.  See id. (stating the court "**shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement" (emphasis added)); cf. Loftus, 2021 WL 4437491, at *3 (stating a stay "is not mandatory if the entire action (as opposed to only some of the claims) is subject to arbitration" (citations omitted)).

        Tesla's Motion is granted, to the extent that the trial in the instant case shall be stayed until the completion of the parties' arbitration proceedings.  Because § 3 only requires a stay of the trial, the parties are directed to meet

and confer regarding what, if any, discovery, motions practice, and other proceedings can be conducted in this case during the pendency of the arbitration proceedings. The parties are directed to meet and confer by **January 10, 2022,** and to file a joint status report, which shall describe the proposed pretrial litigation schedule for this case, by **January 13, 2022.** If the parties are unable to agree upon a proposal, they may file separate status reports by the **January 13, 2022** deadline.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Stay Action, filed July 1, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART. Defendant's Motion is GRANTED, insofar as: 1) this Court rules that potentially dispositive gateway issues regarding Hiatt's intended class claims cannot be arbitrated and are for this Court to decide; and 2) the trial in the instant case must be stayed until the completion of the parties' pending arbitration proceedings. The Motion is DENIED: 1) as to Defendant's request for an order compelling Hiatt to arbitrate issues related to his individual claims, because the request is now moot in light of the pending arbitration proceedings; and 2) to the extent that Defendant seeks a stay of pretrial proceedings in the instant case.

The parties are ORDERED to meet and confer by **January 10, 2022,** and to file the status report(s) described in this Order by **January 13, 2022.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 21, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JERRY M. HIATT VS. TESLA INC.; CV 21-00198 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION