UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JERRY M. HIATT,<br><br>          Plaintiff,<br><br>     vs.<br><br>TESLA, INC.,<br><br>          Defendant. | CIV. NO. 21-00198 LEK-KJM |

**ORDER DENYING DEFENDANT TESLA, INC'S
L.R. 74.1 STATEMENT OF OBJECTION TO MAGISTRATE JUDGE'S
AUGUST 1, 2022 DISCOVERY ORDER [FILED 8/15/22 (DKT. NO. 59)]**

On August 15, 2022, Defendant Tesla, Inc. ("Tesla" or "Defendant") appealed a discovery order entered by the magistrate judge on August 1, 2022 that denied Tesla's request for a stay of discovery and permitted Plaintiff Jerry M. Hiatt ("Hiatt" or "Plaintiff") to have Tesla respond to written discovery. See Tesla's L.R. 74.1 Statement of Objection to Magistrate Judge's August 1, 2022 Discovery Order, filed 8/15/22 (dkt. no. 59) ("Appeal"); see also Order on LR37.1 Discovery Dispute, filed 8/1/22 (dkt. no. 57) ("8/1 Order"). Hiatt filed his response on August 29, 2022. See Hiatt's Response to [Dkt. 59] Defendant Tesla' [sic] Inc.'s L.R. 74.1 Statement of Objection to Magistrate Judge's August 1, 2022 Discovery Order, filed 8/29/22 (dkt. no. 61) ("Mem. in Opp."). Tesla filed its reply memorandum on September 12, 2022. See Tesla's Reply in

Support of L.R. 74.1 Statement of Objection to Magistrate Judge's August 1, 2022 Discovery Order, filed 9/12/22 (dkt. no. 62) ("Reply").

The magistrate judge's ruling is not clearly erroneous nor contrary to law and therefore Tesla's Appeal is denied.

## STANDARD

"District courts review magistrate judges' pretrial orders under a 'clearly erroneous or contrary to law' standard." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting Fed. R. Civ. P. 72(a)); see also 28 U.S.C. § 636(b)(1)(A).  The district court cannot substitute its own judgment for the magistrate judge's judgment or decide what decision it would have reached on its own.  Rivera, 364 F.3d at 1063 (reviewing court "may not overturn a [decision] simply because [it] might have weighed differently the various interests and equities").

## DISCUSSION

The magistrate judge's order provides, in pertinent part to the issue at hand, as follows:

> The Court agrees with Plaintiff, finding that, based upon the limited record before it, the Subject Discovery is relevant to Plaintiff's claim regarding the enforceability of the class waiver provision.  Tesla's arguments to the contrary are conclusory; Tesla maintains, with no support, that the class waiver issue is purely legal.  Tesla fails to address Plaintiff's [Haw. Rev. Stat.] Chapter 480 argument or, in

2

>> particular, the impact of section [Haw. Rev.
> Stat. §] 480-12 on the court's analysis of the
> class waiver provision. Accordingly, the Court
> DENIES Tesla's request for a stay of discovery
> and GRANTS Plaintiff's request for an order
> directing Tesla to respond to the Subject
> Discovery.

[8/1 Order at 2-3 (emphases in original).] Tesla argues that the 8/1 Order is clearly erroneous because "[i]t overlooks that the disputed discovery is relevant to issues already pending before the arbitrator and therefore stayed in this action." [Appeal at 5.] Tesla is mistaken. This Court has already ruled: that the arbitration will decide Hiatt's individual claims; that the potentially dispositive gateway issues regarding Hiatt's class action claims are for the district court (and not the arbitrator) to decide; and that discovery can go forward on these issues during the pendency of the arbitration proceedings. See Order Granting in Part and Denying in Part Defendant's Motion to Compel Arbitration and Stay Action, filed 12/21/21 (dkt. no. 45) ("12/21 Order"), at 11-13.

The more precise discovery issue is whether the discovery requested is directed to the gateway issues regarding the class action claims, to Hiatt's individual claims, or both. Tesla, in its Reply, submits several specific excerpts from the discovery that it argues "has nothing to do with the class waiver provision specifically, and Plaintiff makes no effort to connect them to the gateway class waiver issues . . . ." [Reply

3

at 4.]  That may well be, but Tesla never raised this argument and pointed to specific interrogatories before the magistrate judge.  In its letter brief, Tesla merely gave a broad brush of its objections to the discovery based on relevancy to the class action issues.  <u>See</u> Tesla's Discovery Letter Brief:  Protective Order to Stay Discovery, filed 7/22/22 (dkt. no. 55), at 5.  Based on the limited record that the parties presented to the magistrate judge, the Court cannot conclude that the 8/1 Order is clearly erroneous.

Moreover, this Court has already ruled that discovery as to gateway class certification issues is **not** stayed.  A protective order such as what Tesla sought from the magistrate judge or a stay of discovery is therefore not appropriate.  If Tesla has specific objections to certain interrogatories because the discovery being sought pertains solely to Hiatt's individual claims, then it should articulate them.  <u>See</u> Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").  For these reasons, the Appeal is denied, and Tesla is ordered to provide responses to the discovery **by no later than February 21, 2023.**

## <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the magistrate judge's 8/1 Order was not clearly erroneous and Defendant Tesla, Inc.'s L.R. 74.1 Statement of Objection to

4

Magistrate Judge's August 1, 2022 Discovery Order, [filed 8/15/22 (dkt. no. 59),] is DENIED.  Further, Defendant Tesla, Inc. is ORDERED to provide responses to Plaintiff's outstanding discovery requests **by no later than February 21, 2023.**

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, January 20, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JERRY M. HIATT VS. TESLA, INC.; CV 21-00198 LEK-KJM; ORDER DENYING DEFENDANT TESLA, INC.'S L.R. 74.1 STATEMENT OF OBJECTION TO MAGISTRATE JUDGE'S AUGUST 1, 2022 DISCOVERY ORDER (FILED 8/15/22 (DKT. NO. 59)**